### GROSSMAN v. SUPREME LODGE OF KNIGHTS AND LADIES OF HONOR.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

APPEAL—REFUSAL TO RESETTLE CASE.

The refusal of the trial judge to resettle a case on appeal, because the case, as settled, is correct, is conclusive on the appellate tribunal.

Appeal from an order of a judge denying an application to show cause why the case on appeal should not be resettled.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*A. Hoelzie, (H. F. Lippold, of counsel,)* for appellant. *C. Steckler, (Alfred Steckler, of counsel,)* for respondent.

BARTLETT, J. This action was tried at circuit before the Honorable GEORGE L. INGRAHAM, one of the judges of the superior court of the city of New York, assigned by the governor to sit in the supreme court. The plaintiff was successful. The defendant's attorney was not satisfied with the manner in which the trial judge settled the case on appeal, and desired a resettlement. Accordingly he prepared three affidavits upon which he applied to Judge INGRAHAM for an order to show cause why the case on appeal, as settled by him, should not be resettled by making certain changes therein, which were specified in the proposed order. The judge denied the application for such order to show cause upon the ground that the case on appeal as settled was correct; and from the order denying the motion the present appeal is taken. An ordinary order to show cause is simply an authority for a short notice of motion. *Thompson* v. *Railroad Co.*, 9 Abb. Pr. (N. S.) 233, 238. It is, in effect, merely the written permission of a judge that a moving party may give his adversary less than eight days' notice of a particular application. The refusal to grant such an order when applied for in no wise bars or affects the right of the applicant to serve a regular eight-days notice of motion, and thus bring his application before the court. The only question which necessarily arises on an application for an order to show cause is whether the circumstances are such as to require a shorter notice than eight days; and the conclusion that the time should not be shortened can very seldom involve a substantial right. Certainly it did not in the present case. But it may be said that the trial judge based his refusal to grant the proposed order to show cause, not upon this ground, but upon his declaration that the case on appeal, as settled, was correct, and the further declaration which is contained in the order appealed from, that the case would not be resettled in any of the respects asked for in the moving papers. These portions of the order, it is true, indicate a strong opinion on the part of the judge that the appellant was endeavoring to procure a resettlement of the case which did not accord with the facts. At most, however, the order is equivalent to a denial of the defendant's motion for a resettlement, after hearing him, and without calling upon his adversary to answer his argument in favor of the application. In the settlement of a case what occurred upon the trial must be ascertained from what the presiding justice finds to be the truth. *In re Tweed* v. *Davis*, 1 Hun, 252, 255. And

"he may hear and consider the affidavits of the parties and their counsel, inspect their notes as well as his own, and consult his own recollection, as well as other accessible means of information for the purpose of settling the controversy between the parties concerning what may have actually taken place." But if he is asked to place upon the record statements of fact which are at variance with his own memory of what happened, he cannot be compelled to do so, nor would it be proper that he should. It is not only his right, but his duty, to settle the case according to his own recollection of what occurred, if he is perfectly confident that such recollection is correct. This is what we understand to be the position of the learned judge who tried the case at bar. He has refused to put the case on appeal in the form desired by the counsel for the appellant, because to do so would be to depart from the truth as he recollects it. His action in this respect is conclusive upon the appellate tribunal. The appeal should be dismissed, with costs.

Van Brunt, P. J., concurs.