NEW YORK RUBBER COMPANY, Appellant, *v.* JOHN ROTHERY *et al.*, Respondents.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Appeal. Case.*—Both parties, where a case is sent back for resettlement, may show the actual facts as they happened upon the trial.
2. *Same. Request to charge.*—The marking a request to charge "refused," when not refused in the presence of the jury, is not material; nor can a refusal be available, unless an exception was taken at the time.

Appeal from an order granted on an application to settle a case on appeal.

*Lee & Lee*, for appellant.

*H. H. Hustis*, for respondents.

PRATT, J.—This motion presents an entirely different appearance from what was presented upon the papers before the court of appeals.  12 N. Y. State Rep. 53.

That court held, as appears from the opinion, that a "party is entitled as of strict right to have the case show the actual facts as they really happened on the trial, so that an appellate court can decide the case upon a record, which is absolutely correct," and in accordance with this principle the case was set back for resettlement.

When the case was again presented to the judge, who tried the case, it was open to both parties " to show the actual facts as they happened upon the trial," and to this end the attorney of the defendants has made another affidavit and the judge has furnished a certificate stating his recollection of what took place.

The defendants' attorney denies most specifically and emphatically the material allegations made upon the part of the plaintiff, and such is the effect of the certificate of the judge.

This view is strongly corroborated by reference to the charge as delivered to the jury.

The only reasonable conclusion seems to be that the affiants are mistaken in supposing the rulings were read to the jury after the charge, or that the judge was notified of any exception that was taken to a refusal to charge the fifth request.

The plaintiff's counsel undoubtedly notified the stenographer of his exception, but it does not seem possible, upon reading the charge in connection with the affidavit of Mr. Hustis, that such an exception presented to the judge would have escaped his attention.

The mere marking the request " refused " was not material, if, in fact, it was not refused in the presence of the jury. Neither could a refusal be availed of unless an exception was taken at the time.

It has clearly enough appeared at all times that the marking of this request " refused " was a mistake, but it clearly appears now that, in fact it was not refused, and, further, that no exception was taken nor any objection raised that the charge did not comply with all the requests presented.

Order affirmed, with costs.

DYKMAN, J.—This is an appeal from an order made upon the motion to resettle the case in this action, but we think it cannot prevail. Under the decision of the court of appeals

the case was to be resettled, and that has now been done by the insertion of the history of the fifth request to charge the jury. Such statement contains the facts, and will enable the appellate tribunal to determine the legal effect of the request to charge, and the disposition made of the same by the trial judge.

The decision of the court of appeals did not dictate the mode of settlement to be pursued in obeying the same, and that was obviously left to the determination of the trial judge.

We think the order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J. not sitting.