## GREEN v. SHUTE et al.

*(City Court of New York, General Term.   October 3, 1889.)*

1. TRIAL—DIRECTION OF VERDICT—OBJECTIONS WAIVED.
   Where each party has requested a direction of a verdict in his favor neither can complain after judgment that a direction was improper, though there was a disputed question of fact which either might have required to be submitted to the jury.
2. APPEAL—PRACTICE—SETTLEMENT OF CASE.
   Settlement of case on appeal by the trial judge is conclusive where the facts are disputed.

Appeal from trial term.

Action by Shirley J. Green against Noah B. Shute, impleaded with others.

Argued before McADAM, C. J., and NEHRBAS, J.

*Seaman & Conger*, for appellant.   *Wm. G. McCrea*, for respondent.

PER CURIAM.   The case presented a disputed question of fact, and either party had the right to require its submission to the jury, who might have decided the question submitted for plaintiff or defendant.   Each side, however, requested a direction of a verdict in his favor, and neither can complain now that a direction was improper.   *Strong* v. *Manufacturing Co.*, 6 Hun, 528; *Leggett* v. *Hyde*, 58 N. Y. 275; *Koehler* v. *Adler*, 78 N. Y. 287; *Ormes* v. *Dauchy*, 82 N. Y. 443; *Dillon* v. *Cockcroft*, 90 N. Y. 649.   If the jury had voluntarily rendered the verdict the trial judge directed, it would have been regarded as conclusive on the evidence.   Under the authorities cited, the direction by the trial judge is to be similarly considered.   In this view, there was no error committed at the trial, and the judgment entered on the direction must be affirmed, with costs.

### APPEAL FROM ORDER DECLINING TO RE-SETTLE CASE.

PER CURIAM.   The trial judge settled the case, and we must accept his certification on the facts as conclusive.   To do otherwise would be to substitute our opinion for his knowledge.   There was a dispute as to what occurred, and the trial judge determined it.   His action cannot be reviewed.   *Klein* v. *Railroad Co.*, 53 N. Y. Super. Ct. 531; *Tweed* v. *Davis*, 1 Hun, 252; *Porter* v. *Parks*, 2 Hun, 675; *Grossman* v. *Supreme Lodge*, 5 N. Y. Supp. 122. It follows that the appeal must be dismissed, with costs.