## SIRE v. RUMBOLD et al.

*(City Court of New York, General Term.   December 1, 1890.)*

1. PAROL EVIDENCE—LEASES.
A lease recited that the landlord intended to build upon the demised premises, and provided that, while the building should continue, the rent should be a certain sum per month, less than that agreed on in a preceding clause.   *Held* that, in an action for rent, oral proof was admissible to show the nature of the improvements contemplated, and when they were commenced and completed, the lease being ambiguous as to those matters.

**2. APPEAL—REVIEW—OBJECTIONS WAIVED.**

When plaintiff moved for judgment at the close of the trial, and did not ask for the submission of the case to the jury, he cannot, on appeal, complain that the trial judge disposed of the issue as one of law.

Appeal from trial term.

Action by Henry B. Sire against George W. Rumbold and others for rent ·under a lease. The jury found a verdict for defendants. From the judgment for defendants entered thereon, plaintiff appeals.

Argued before McADAM, C. J., and FITZSIMONS, J.

*Albert I. Sire,* for appellant. *Abram Kling,* for respondents.

PER CURIAM. We adhere to the rule that parol testimony cannot be received which tends to alter or vary the terms of a written instrument, and hold that the oral testimony admitted here did not violate this elementary principle. The seventeenth paragraph of the lease recites that the landlord intends to build upon the demised premises and those adjoining, and that, while the building continues, the rent is to be $100 a month, instead of $125, as provided for in the first portion of the lease. We treat this provision as a declaration by the landlord that material changes were to be made affecting the premises. The lease is ambiguous as to the nature of the improvements ·contemplated, and as to when they were to be commenced and completed, and in respect to these subjects oral proof was properly received. As between the parties to a deed, evidence is admissible to show the purpose and intention of executing the document, provided it be perfectly consistent with the legal operation of the instrument, and not inconsistent with its express terms. When dates are left blank they may be supplied by oral proofs, and when a time is not specified, and it is apparent that a definite, rather than indefinite, or reasonable, time was intended, the intention may be made clear in like manner. In short, oral proofs may be received to give practical effect to an instrument according to the intention of the parties, when such proofs do not conflict with the writing, and are necessary to make it intelligible. There was enough· in the case to require its submission to the jury, but the plaintiff did not ask to go there, but moved for judgment. He cannot now complain that the trial judge disposed of the issue as one of law. *Green* v. *Shute,* 7 N. Y. Supp. 69. No error was committed, and the judgment appealed from must be affirmed, with costs.