McAdam, J.
The action was tried before Judge Freedman and a jury, and a verdict was directed in favor of the plaintiff, to which direction the defendant, excepted. The defendant now moves at special term to insert in the case on appeal three exceptions to rulings made at the trial, which exceptions were not them and there taken. The defendant claims that the failure-to take the exceptions was the result of inadvertence' and mistake, and that under section 724 of the Code the; *2 court may supply the omission nunc pro tunc. This is error. That section contemplates no such delinquency in practice.
The case on appeal must contain a truthful representation of what occurred on the trial, and neither the justice who presided thereat, nor any other judge, has the right to allow omissions therefrom, or make additions thereto. Section 994 of the Code provides, that where an issue of fact is tried by a referee, or by the court, without a jury, an exception to a ruling upon a question of law, made “ after the cause is finally submitted,” must be taken by filing a notice of exception, etc. This is so, because there are no other means of noting the exception or making it part of the record. But the next section (995) expressly provides, that in any other case an exception must be taken at the time the ruling is made. So that whether the trial is by a referee or by the court, either with or without a jury, the exception must be taken at the time the objectionable ruling is made. This gives the referee or court an opportunity of modifying the ruling or withdrawing it altogether, either of its own motion, or by the opposing counsel withdrawing the inquiry or proposition that called forth the exception. The application is an endeavor to supply the material necessary to review on appeal rulings not excepted to at the trial. It is novel practice and without precedent or warrant.
Motion denied, with $10 costs, to abide the event.
Note on the Power to allow Exceptions to be Noted after Time when they were Taken.
The modern principle by which appellate courts refuse to consider any objections not in their nature absolutely incurable, unless the attention of the adversary and the trial court was seasonably called to the objection so that if might have been cured, renders the rules as to the necessity and the form of exceptions to errors on the trial, much more important than they formerly were.
*3 These rules, in their application to the subject of going to the jury, etc., are stated in a note in Vol. 26 of this series, p. 477.
The general power of the court defined in section 724 of the Code of Civil Procedure, to supply an “ omission in any proceeding,” is not an unqualified power; and does not always enable it to amend so as to give a right to review a cause by appeal on exceptions after the time for securing the right to such review has gone by.
It is the better opinion that as a mere question of power, the court can allow the noting of an exception so long as it is not too late for the adverse party or the court to take warning from it and cause the error if any to be cured. It seems clear that the power to allow exceptions to rulings as to evidence, in furtherance of justice, is not absolutely terminated so long as the court have power to re-open the case for further evidence ; that is to say, until the court commences to instruct the jury ; and that the power to allow, likewise, exceptions to instructions or refusal to instruct, is not absolutely terminated so long as the court have power to give further instructions, that is to say, until the jury have finally agreed on their verdict.

Notes of Cases.

If the exception was actually seasonably taken the judge may allow it to be noted before the verdict.
Hunnicutt v. Peyton, 102 U. S. 333, 357 (dictum; the ruling being that the bill of exceptions might be signed afterward during the same term and before writ of error issued.) The court per Strong, J, say:—“ the judge’s signature is required only for “ testimony ” that the exception was taken at the trial, and before verdict, it cannot be material that the testimony was given after the close of the trial, if given during the term.”
But it cannot be noted after the verdict. United States v. Carey, 110 U.S. 51. Here the narrative in the bill of exceptions stated the offer of evidence at the trial, the objection made, the ruling which sustained the objection: and then added in the present tense “ to which ruling of the court plaintiff excepts and tenders this his bill of exceptions which is accordingly signed this 19th day ” etc. Held,—by the supreme court that the exceptions could not be considered because there was nothing to indicate that exception had been taken at the trial.
But this is not a technical rule such as to make the validity of the exception depend on the mere tense of the verb ; for if it appeared *4 on a reasonable construction of the bill that the exception was taken at the trial, the use of the present tense may be regarded as a clerical error, and will not vitiate. Simpson v. Dall, 3 Wall. 460, 473.
A question may be made as, to whether the power to allow a tardy exception to be noted survives the going out of the jury tO' consider of their verdict. In Phelps v. Mayer, 15 How, U. S. 160, the court lay down the rule, in accordance with the express provision of the Statute of Westminster that the exception to instructions to the jury must be taken “while the jury are at the bar.’' The court accordingly refused to consider the cause. The Chief Justice Taney said: “ Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For if it is brought to the attention of the court that one of the parties excepts to his opinion, he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it by further testimony, if apprised of it in time."
If the exception was in fact seasonably' taken, but the trial judge refused to state it in the case, the remedy is by mandamus, or motion to require resettlement; not to require specific matter inserted. 2 Abb. New Pr. & F. 810, n. 4.
The denial by a trial judge of an application for a resettlement of a case, because it is clear that it is correctly settled, is not appealable. Grossman v. Supreme Lodge. K. & L. H., 22 State Rep. 522 ; s. c., 16 Civ. Pro. R. 215 ; 5 N. Y. Supp. 122 [Citing Tweed v. Davis, 1 Hun, 252, 255].
But compare N. Y. Rubber Co. v, Rothery, 112 N. Y. 592 ; s. c., 21 State Rep. 841; rev’g 6 N. Y. Supp., 954, holding that an order refusing to resettle in accordance with the facts which occurred on the trial on the-ground that the case is deemed correctly settled, is appealable, and if the weight of the affidavits show that it may have been not correctly settled, resettlement may be ordered.