GOLDENSON *v.* LAWRENCE *et al.*

*(City Court of New York, General Term.   October 24, 1892.)*

No. 1.

APPEAL—ORDER TO AMEND—CONSENT OF PARTIES.
An order to amend, which recites the consent of the parties to its terms, concludes the parties on appeal.

Appeal from special term.

Argued before EHRLICH, C. J., and VAN WYCK and MCCARTHY, JJ.

---

GOLDENSON *v.* LAWRENCE *et al.*

*(City Court of New York, General Term.   October 24, 1892.)*

No. 2.

APPEAL—RECORD—SETTLING ORDER—JUDGE'S CERTIFICATE.
Where the facts are disputed, the certificate of the trial judge to the settlement of a case on appeal as to what occurred before him is conclusive on appeal. *Green* v. *Shute*, (City Ct. N. Y.) 7 N. Y. Supp. 69, followed.

Appeal from special term.

Action by Eva L. Goldenson against Chester B. Lawrence and others. From an order made May 31, 1892, resettling a former order, defendants appeal.  Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*Goodrich, Deady & Goodrich,* for appellants.  *David Leventritt,* for respondent.

EHRLICH, C. J. Where the facts are undisputed, the court, on appeal, may direct the resettlement of a case or order to conform to the facts. *Rubber Co.* v. *Rothery,* 112 N. Y. 592, 30 N. E. Rep. 546, on appeal 119 N. Y. 633, 23 N. E. Rep. 529; *Gleason* v. *Smith,* 34 Hun, 547; *Healey* v. *Terry,* (City Ct. N. Y.) 7 N. Y. Supp. 321. But here the facts are disputed. The certificate of the judge as to what occurred before him must be accepted as conclusive. *Green* v. *Shute,* (City Ct. N. Y.) 7 N. Y. Supp. 69; *Healey* v. *Terry, supra.* The rule applies to the present contention, (*Smith* v. *Grant,* 11 Civil Proc. R. 354,) and requires that the order appealed from must be affirmed, with costs. All concur.