Andrews, J.
Rule 3 provides that when any order on a nonenurnerated motion is entered, the papers used or read on the motion on either side shall be specified in the order, and shall be filed with the clerk, unless otherwise ordered by the court, or the order may be set aside as irregular, with costs. Section 1353 of the Code of Civil Procedure provides that an appeal to the general term from an order must be heard upon a certified copy of the notice of appeal, and of the papers used before the court or the judge upon the hearing of the motion; and rule 41 requires that such papers shall be printed.
It appears by the papers that- application was made to the general term for the relief which it is sought to obtain upon the present motion, and I have, therefore, conferred with the presiding justice of the general term in relation to the matter. After such conference I feel authorized to say that it is not the opinion of the general term that the special term has the power to dispense with the printing of any papers which are to be used on the argument of the appeal; and unless the minutes of the proceedings before the commissioners are printed as a part of the printed papers to be used on the appeal, they cannot be used or referred to upon the argument of the appeal. The offer, therefore, of the appellant’s attorneys to stipulate that the stenographer’s' minutes may be produced and used upon the argument of the appeal does not furnish any grounds for an order dispensing with the printing of those minutes.
A further question is presented as to whether the offer of the appellants to stipulate that they will not, upon said appeals, *692 question either that the report of the commissioners was the proper one upon such testimoney, or that the said report was rightfully confirmed by said order, furnishes any ground upon which the court can grant an . order dispensing with the printing of said minutes. There is no provision of the Code, or of the rules, which authorizes the special term to direct -that papers submitted upon a motion heard at special term, and which have been duly filed, and are recited in the order entered upon such motion, need not be printed in the papers to be used upon the argument of an appeal from such order; and the power to make such direction can be exercised only upon the theory that some of the papers, which have been so submitted, filed and recited, were not actually used, or that they were not considered by the court in deciding the motion. In Weseman v. Wingrove, 85 N. Y., 358, where an objection was raised that papers submitted at the special term were not before the general term, the court of appeals said: “ Reither the Code nor the rule is to be so literally construed as to compel the printing and presentation of unnecessary and superfluous papers. What is material and necessary to the proper action of the appellate court is enough.” In that case there had been no order of the court dispensing with the printing of any of the papers submitted at special term, but certain papers used at special term had been omitted by the attorneys.
Assuming that the special term may dispense with the printing of papers, which have been submitted to it upon the hearing of a motion, such power must, of course, be very sparingly exercised, and only in cases where there can be no reasonable difference of opinion as to the materiality of the papers in question. Otherwise, if the special term, or a justice of this court, in deciding a motion, considers that some of the papers submitted by either side are immaterial, and, therefore, does not consider them in deciding the motion, and ah appeal is taken from the order entered upon the decision, the right of appeal might be rendered wholly valueless if, upon the application of either side, the special term or said justice should direct that the very papers, whose materiality was in dispute, need not be printed.
It appears from the papers that this motion relates to three appeals, which are now pending, namely :
First.- Appeal from an order made by Mr. Justicé Ingraham.
Second. An appeal from so much of the final order entered herein as denied costs to the defendants.
Third. An appeal from an order granting a stay of proceeding.
With regard to the appeal from the order made by Mr. Justice Ingraham, I have no power to give any directions as to what shall be contained in the printed papers to be used on the appeal.
With regard to the appeal from so much of said final order as denied costs to the defendant, it is entirely clear that the appeal must be disposed of by the general term upon a question of law. Costs were not allowed to the defendants by the special term because it was believed that, as matter of law, they were riot entitled to costs. The minutes of the proceedings before the commis. *693 sioners were n.ot considered in the disposal of this question, and would not be considered by the general term upon the appeal if they should be printed. If the general term should decide that, as matter of law, the defendants were entitled to costs, it would then send the matter back, with a direction that the special term should exercise its discretion as to the amount of the allowance to be made. The printing of the minutes, therefore, for the purposes of this appeal would be wholly unnecessary and useless, and I think such printing should be dispensed with.
With regard to the appeal from the order staying proceedings, a different question is presented.
The granting of this order was opposed upon the ground that the court had no power to grant it, and also upon the ground that if the court had such power, it would not be a proper exercise of discretion to grant the order.
The proposed stipulation, offered by the appellant, does not state what questions the appellant proposes to raise upon the appeal, but only what questions it does not propose to raise. This leaves it for the court, to determine from memory what questions were raised on a long argument, which took place nearly three months since, and also to conjecture as to what questions the appellant can, or may, raise upon the argument of the appeal.
The minutes of the proceedings before the commissioners were certainly considered very carefully by me in passing upon the question whether a stay of proceedings should be granted, and I do not know but that it may be very material, in some aspect of the case, for the appellee, that such minutes should be before the general term. As against the objection of the appellee, it is certainly doubtful whether the court has the power to dispense with the printing of such minutes, and it is certainly still more doubtful whether, against such objection, if the court has the power, it ought to exercise it. If the appellant offered to stipulate that upon the appeal questions of law only would be raised, and stated in the stipulation what those questions would be, it might then be apparent that the printing of such minutes would be unnecessary, and such printing might be dispensed with. As the matter stands, however, I cannot foresee what questions may be raised, and I cannot make an order which may imperil the rights of the appellee, when I am in the dark as to what the effect of the order asked for might be.
A motion to dispense with the printing of the minutes on the appeal from the order, made by Mr. Justice Ingraham; will be dismissed.
The motion to dispense with the printing of the minutes on the appeal from so much of the final order - herein as denied costs to the defendant, will be granted.
The motion to dispense with the printing of the minutes on the appeal from the order granting a stay of proceedings, will be denied.
No costs will be granted on either motion.
The orders will be settled on notice.