(13 App. Div. 549.)

## NILES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

APPEAL—SETTLEMENT OF CASE—DISCRETION OF TRIAL COURT.

The discretion of the trial judge in striking matter from a proposed case on appeal will not be disturbed by the appellate court in the absence of the papers on which the trial court acted.

Appeal from special term, Oneida county.

Action by Adaline Niles, as administratrix of Charles H. Niles, deceased, against the New York Central & Hudson River Railroad Company. From an order striking certain matter from a proposed case and exceptions, defendant appeals. Affirmed.

By the order appealed from the court struck out from the proposed case and exceptions, on the application of the plaintiff's counsel, words used by the plaintiff in opening the case to the jury, which are set out in the order; and also struck out certain words used in "closing the case to the jury," which are set out. It appears by the order that the striking out of the language used in the opening and summing up, quoted in the order, was objected to, and that the defendant excepted to the ruling striking out the language, and insisted the same should remain as a part of the case upon appeal. It appears by the appeal book herein that a verdict was taken at the circuit for $15,000 in favor of the plaintiff, and a motion was made on the part of the defendant for a new trial upon the minutes, and denied, as appears by a copy of the order set out in the appeal book, which order was granted on the 26th of October, 1895. On June 18, 1896, the defendant appealed to this court from the order made on that day.

Argued before HARDIN, P. J., and ADAMS, WARD, and GREEN, JJ.

Prescott & Titus, for appellant.
Evans & Lee, for respondent.

HARDIN, P. J. The order from which the appeal is taken does not recite the papers that were used upon the application for it. There is no compliance with the rule which requires that an appeal shall be heard upon certified copy of the papers used before the court. Code Civ. Proc. § 1353. Rule 41 of the supreme court requires papers used upon the application for an order to be granted. Railway Co. v. Taber (Sup.) 27 N. Y. Supp. 860. There is nothing in the papers before the court to indicate that when the opening was made, or the summing up had, the matter which is now objected to by the appellant was objected to at the time the same was delivered at the trial term. There is a general provision of law that exceptions must be taken at the time when a ruling is made. If a proper objection had been taken when the opening was made, or the summing up was had, it must be presumed that the trial judge would have properly disposed of the questions presented by the objection. In the absence of objection to the questionable matter, it is not the habit of this court to review the same. Mead v. Shea, 92 N. Y. 122. Nor does it appear that any motion was made to limit the opening or the summing up. Nor was a ruling had at the time of the occurrence thereof which presented a question for review. People v. Keator, 36 Hun, 592. A trial judge has some discretion in set-

tling a case. Canzi v. Conner, 4 Abb. N. C. 148. Whether the discretion in striking from the case the objectionable matter has been abused or not cannot be determined in the absence of the papers upon which the special term acted at the time of granting the order appealed from. Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546, differs from the case in hand. There on a proposed amendment striking out requests to charge, and a refusal of an exception upon a motion for resettlement, it was held that the refusal to grant the motion was error. The parties appeared, and were heard, and presented papers in that case, and the court of appeals held that the appellant was entitled to have the case show the actual facts occurring on the trial, and considered the papers in extenso that were used at the time of the refusal of the order for resettlement. Under such circumstances it was held that the order denying the motion for resettlement was reviewable. In Grossman v. Supreme Lodge (Sup.) 5 N. Y. Supp. 122, a motion had been made to have the case resettled, and to have the ruling of the court excluding certain evidence inserted, which motion was denied, and upon the facts appearing at the time of the application for the order for resettlement it was held that an error was committed. We see nothing in that case that aids the practice in this. We think the order appealed from should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.