(31 Misc. Rep. 105.)

### CITY REAL–ESTATE CO. v. GAYLOR et al.

(Supreme Court, Special Term, New York County. April, 1900.)

Appeal—Printing of Papers.

    Though Code Civ. Proc. § 1353, provides that an appeal from an order must be heard on a certified copy of the notice of appeal and of the papers used before the court on the hearing of the motion, and rule 41 requires that such papers be printed, the court, on appeal from an order of confirmation of a referee's report, may excuse the printing of clearly immaterial portions of such papers.

Action by the City Real-Estate Company against Clarence W. Gaylor and others. Motion by one Osterman to open default on appeal from an order confirming the report of a referee in a surplus-money proceeding, and that the court permit him to print on appeal only a portion of the testimony taken before the referee. Granted.

Myers, Goldsmith & Bronner, for appellant Osterman.
Stuart F. Randolph, for respondent Billings.
Arthur J. Westermayer, for respondent Raub.

SCOTT, J. This is a surplus-money proceeding, in which a referee was appointed, and his report was confirmed by the court. One of the claimants has appealed from the order of confirmation, but has not served the printed papers on appeal within the prescribed time. He now moves that his default in this regard be opened, and that the court, by order, permit him to print on appeal only a portion of the testimony taken before the referee. The amount of surplus money was large, and there were three claimants to it. The defendant Frank Raub made claim to a part of the surplus under

several mortgages to him individually and as trustee. The defendant Charles A. Billings made claim to a part of the surplus under a mortgage to him subsequent in priority to the mortgages to Raub. The defendant Osterman, the appellant, made claim to a part of the surplus under a certain agreement for a lease, which, as he insists, should be recognized and enforced as an equitable mortgage, and which, if so recognized and enforced, would be entitled to priority over certain of the mortgages held by the defendant Raub, and over the mortgage held by the defendant Billings. On the hearing before the referee, certain of the mortgages held by Raub were attacked both by Billings and Osterman upon the ground that they were, as alleged, usurious, and several hundred pages of testimony were taken, bearing upon this question; and it was finally decided by the referee that the plea of usury had not been sustained. The defendant Billings has submitted to this ruling, and has withdrawn his objections to the referee's report. The defendant Osterman also submits to this ruling upon the question of usury, and desires to base his appeal solely upon the proposition that the agreement for a lease is in fact an equitable mortgage, and that for that reason alone he is entitled to share in the surplus. The question of usury being thus out of the case, by far the greater part of the evidence taken before the referee is inapplicable to any question to be presented on appeal, and to require the appellant to print all the evidence would not only be extremely onerous to him, but would serve no useful purpose. The only result would be to burden the appellate court with an unwieldy record, principally composed of testimony which has now become irrelevant. The record ought to be kept within reasonable and useful bounds, if it is within the power of the court so to direct. Section 1353 of the Code of Civil Procedure provides that "an appeal from an interlocutory judgment, or from an order, taken as prescribed in this title, must be heard upon a certified copy of the notice of appeal and of the papers used before the court, or judge or justice, upon the hearing of the demurrer, application for judgment or motion, as the case requires"; and the provisions of rule 41 as to the papers to be printed on appeal from a nonenumerated motion are substantially to the same effect. In Weseman v. Wingrove, 85 N. Y. 353, a motion was made to compel a referee to pay a certain incumbrance upon property sold by him in partition. A reference was had to ascertain certain disputed facts, and he reported after taking evidence. The appeal was brought on upon the referee's report, but the testimony taken by him was not printed. It was objected that the Code and rule had not been complied with. The court of appeals said:

"What was omitted, and all that was omitted, was the testimony taken on the reference. But the report of the referee was confirmed, and there was no appeal from so much of the order as confirmed that report. At general term both parties stood upon it. Neither questioned its findings of fact, nor brought them in issue. The testimony, therefore, was immaterial and superfluous. * * * Substantially, both the Code and the rule have been obeyed. * * * Something unnecessary to the appeal was omitted. If we could see in any direction how the omitted testimony was material, we should require its production. Neither the Code nor the rule are to be so literally construed

as to compel the printing and presentation of unnecessary and superfluous papers. What is material and necessary to the proper action of the appellate court is enough."

A similar question was presented to the special term of this court in Railway Co. v. Taber, 7 Misc. Rep. 347, 27 N. Y. Supp. 860, where an appeal was taken from so much of an order as denied costs to the appellant. Justice Andrews said:

"With regard to the appeal from so much of said final order as denied costs to the defendants, it is entirely clear that the appeal must be disposed of by the general term upon a question of law. Costs were not allowed to the defendants by the special term, because it was believed that, as a matter of law, they were not entitled to costs. The minutes of the proceedings before the commissioners were not considered in the disposal of this question, and would not be considered by the general term upon the appeal if they should be printed. * * * The printing of the minutes, therefore, for the purposes of this appeal, would be wholly unnecessary and useless, and I think such printing should be dispensed with."

These cases seem to be decisive of the power of the court to excuse the printing of clearly immaterial and irrelevant portions of the papers upon which a motion is heard, and while, as Justice Andrews observes, the power "must be very sparingly exercised," I think a proper case for its exercise is presented in the present instance. The appellant has been guilty of grave laches in perfecting his appeal, but not, in my opinion, sufficiently so to require the court to refuse him any relief. His default will therefore be opened if he shall, within 10 days after the entry of an order upon this motion, serve upon the respective attorneys for Raub and Billings copies of the referee's report, and the order confirming same, and the evidence and exhibits taken and used before the referee, except so much thereof as relate exclusively to the question of usury, and if he shall within 10 days pay to each of said attorneys $25 costs, and shall also serve a notice withdrawing any exceptions he may have filed to the referee's report with reference to the question of usury. Either of the defendants may, within 5 days after the receipt of the papers proposed by the appellant as the papers to be printed on appeal, serve upon the attorney for the appellant proposed amendments to said papers; and in case of disagreement either party, upon 2 days' notice to all the others, may bring the matter before me for a determination as to what shall be printed; and within 10 days after such determination the appellant must print and serve the printed copies of the papers on appeal as so settled. The order confirming the referee's report appears to be inartificially drawn. If the appellant desires it to be resettled, he must move within 5 days. If the appellant fails to comply with these conditions, his motion is denied. Ordered accordingly.