KATHI PAFFEN, Individually, and as Executrix, etc., of J. AUGUST PAFFEN, Deceased, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Second Department, January 12, 1917.

**Trial — duty of stenographer to take down 'remarks on request — new trial — imperfect record.**

By virtue of section 295 of the Judiciary Law counsel in jury trials have a statutory right to have the stenographer take such passing remarks as they may request to have recorded.

A judgment for the plaintiff in a negligence action will be reversed and a new trial granted where the record is not complete, there having been a difference between the court and counsel as to certain remarks not taken down by the stenographer.

CARR, J., dissented.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of June, 1916, upon the verdict of a jury for $1,250, and also from an order entered in said clerk's office on the 28th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Edward A. Freshman* [*Lamar Hardy, Corporation Counsel,* and *Thomas F. Magner* with him on the brief], for the appellant.

*George R. Holahan, Jr.* [*J. Grattan MacMahon* with him on the brief], for the respondent.

PER CURIAM:

The record shows a violation of section 295 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35), which directs that the stenographer take full notes of the proceedings in each cause tried. In jury trials the stenographer must take each and every remark or comment by the judge during the trial, when requested to do so by either party, together with each and every exception taken to any such ruling and decision, remark or comment by or on behalf of any party to the action. Although frequently such passing remarks may not be of moment, the trial counsel has a statutory right on request to have them taken down. At a later stage in the trial a motion was made to withdraw a juror on account of earlier remarks as to which the recollection of court differed from that of counsel. This leaves us without a correct record of the original incident. Hence we cannot disregard it, in view of its possible effect on the jury.

The judgment and order are, therefore, reversed, and a new trial granted, costs to abide the event.

JENKS, P. J., THOMAS, STAPLETON and PUTNAM, JJ., concurred; CARR, J., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.