FREDERICK R. UNDRITZ, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 26216.)

ELIZABETH WHITE UNDRITZ, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 26217.)

Court of Claims, January 4, 1943.

*John J. Conway* for claimant.

*John J. Bennett, Jr., Attorney-General (Moses L. Kove* of counsel), for defendant.

BARRETT, P. J. These are claims for damages for personal injuries and property damages, as a result of the alleged negligence of the State. The accidents out of which the claims arose occurred on August 15, 1940. Under subdivision 3 of section 10 of the Court of Claims Act (L. 1939, ch. 860), such claims are required to be filed " within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." The notices of intention to file the claims were filed on November 14, 1940. Exclusive of the day of the accident, the notices were filed on the ninety-first day after the claims accrued. Such filing was not within the prescribed time. The claims were filed on August 11, 1941. Claimants now seek by motion returnable and argued on December 7, 1942, permission to file such claims pursuant to subdivision 5 of section 10 of the Court of Claims Act, which so far as material provides as follows: " 5. A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, * * *."

The said period of two years had expired when these motions were made, but claimants contend that such permission may be granted notwithstanding the fact that the notices of intention were not filed within the prescribed time, because the claims

themselves were filed within the two-year period. It is also contended that the State waived its rights by accepting and retaining, without objection, the notices of intention to file the claims.

In *Buckles* v. *State of New York* (221 N. Y. 418, at pp. 423, 424), it was said: '' The state being sovereign is immune from action by a private suitor except with its consent. (*Quayle* v. *State of N. Y.* [192 N. Y. 47]; *Gates* v. *State of N. Y.*, 128 N. Y. 221, 228.) It is not like a municipal corporation against which an action can be maintained and over which the courts have jurisdiction irrespective of the conditions precedent which may be hedged around the commencement and maintenance of an action. On the contrary, no claim can be litigated at all against the state, except by its permission. A valid cause of action may exist but the state's immunity prevents its enforcement. (*Quayle* v. *State of N .Y. supra.*) When, therefore, the legislature in granting permission to prosecute an action against the State required notice of intention to be filed, that condition must be complied with in order to subject the state to an action. As was said in *Gates* v. *State of N. Y., (supra)* : ' The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant.' Being thus a question of jurisdiction it could be raised at any time and could not be waived by any officer or authority representing the state. (26 Am. & Eng. Ency. of Law [2d ed.], 486, 487; *Callahan* v. *Mayor, etc., of N. Y.*, 66 N. Y. 656; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315.) ''

The statutory limitations, which are clear and explicit as to the filing of claims against the State or notices of intention to file claims, must therefore be followed. They cannot be waived. As to granting permission to file claims, this court has no discretionary powers where the applications therefor are not made within the time prescribed. The notices of intention were not timely filed, and the filing of the claims within the period of two years from their accrual did not cure the defective filing of the notices of intention. However, in view of the fact that the filing was but one day late, which period of itself did not substantially prejudice the State, the Legislature may exercise its power to cure the defects by conferring authority upon this court to determine the claims upon their merits.

The motions are denied and orders may be submitted accordingly.