HARVEY CHALMERS & SON, INC., Claimant, *v.* STATE OF NEW YORK, Defendant.    (Motion No. 1245.)

Court of Claims, October 29, 1946.

*Coleman Taylor* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Donald C. Glenn* of counsel), for defendant.

BARRETT, P. J. On May 6, 1938, the above-named Harvey Chalmers & Son, Inc., caused an original and twelve copies of a typewritten paper to be filed in the office of the clerk of the Court of Claims and copies thereof served upon the Attorney-General and the Department of Public Works. Therein it was stated as follows: " Please take notice that the undersigned Harvey Chalmers & Son, Inc., a domestic corporation intends to file a claim against the State of New York pursuant to Sections 12 and 15 of the Court of Claims Act ". The paper stated in substance that on February 7, 1938, the Barge Canal overflowed due to its congested condition, thereby causing the Chuctanunda Creek to overflow, flooding premises at the rear of 31 East Main Street, Amsterdam, New York, which flooding it was stated, resulted in damages in the sum of $4,503.55. The last paragraph in said paper read as follows: " the State of New York is indebted to claimant for said sum with interest from February 7th, 1938 and claimant gives notice of intention to file claim therefor, pursuant to the statute in such case made and provided ". The paper was properly signed and verified. No further paper was filed or served and motion is now made for an order of this court directing that said paper be received and treated as a claim properly filed, that the court permit pursuant to sections 105 and 111 of the Civil Practice Act and rule 16 of the Rules of the Court of Claims, the amendment of the paper withdrawing therefrom all language indicating that the same was a notice of intention to file a claim and when so amended that the same be treated as a claim against the State and as of having been filed on May 6, 1938. It is further moved that the court then permit the claim to be amended to show the proper amount of damages sustained.

By section 12-a of the Court of Claims Act as amended by chapter 775 of the Laws of 1936, the State waived its immunity from liability for the torts of its officers and employees and

conferred jurisdiction upon this court to hear a claim founded thereon where such claim was submitted pursuant to the procedural provisions of the Court of Claims Act. By section 15 of said Act, added by said statute, it was provided that a claim for injuries to property " shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." By the same statute, section 15-a was added to said act and it was thereby provided that " The claim or notice of intention shall be filed with the clerk of the court and a copy served upon the attorney-general." By section 16 of said statute it was provided that in cases of canal claims and highway claims, a copy of such claim and of notice of claim required to be filed with the clerk of the Court of Claims, shall be filed by such clerk with the Superintendent of Public Works. By section 15-a it was provided that " The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed ", and that the notice of intention to file a claim should set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated.

The paper was properly signed and verified and filed and served within the ninety-day period but no further or other paper in this matter was filed or served within the two-year period. Said paper was received by the clerk of the court and the Attorney-General as a notice of intention to file a claim. It has not appeared on the calendar of the court and though eight years have passed, there is no indication that claimant attempted to place it on the calendar. Unless, therefore, said paper is held to be a claim and not a notice of intention to file a claim, this court is without jurisdiction in the matter. The provisions of the Court of Claims Act must be followed and cannot be waived. (*Buckles* v. *State of New York*, 221 N. Y. 418; *Undirtz* v. *State of New York*, 179 Misc. 467; *Burrows Paper Co., Inc.*, v. *State of New York*, 174 Misc. 850.)

Section 12 of the Court of Claims Act as amended by said chapter 775 of the Laws of 1936, which section authorizes the court to hear and determine claims against the State, reads in part as follows: " But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected

by such tribunal or officer.'' While said paper states the total amount of damages covering '' property and materials destroyed and those damaged, labor incident to cleaning and repairing building and machinery, and estimated loss of production, including overhead and operating loss during the time the property was flooded and miscellaneous expense '', obviously the damages are not itemized as the statute requires in the case of a claim and there is no allegation that the claim had not been submitted to any other tribunal or officer for audit or determination. Clearly, therefore, the paper does not meet the requirements of a claim and there having been no claim filed within the prescribed period, the court is without jurisdiction in the matter. This court possesses powers of amendment but there must be a claim to amend and here there was none. There are other indications that the paper was intended as a notice of intention. Unlike the requirements for the claim, it was typewritten, not printed. It did not have attached thereto a rough sketch or drawing showing the location of the claim and there was no allegation that the claim had not been assigned. (Rules 11 and 22 of the Rules of the Court of Claims as of the time of the occurrence.) It is claimed that a typewritten paper is a printed paper. We do not agree with that contention. By rule 11 this court has made the distinction. It is also made in the Civil Practice Act. For instance, in section 558 thereof, it is provided that one proceeding as a poor person is not required to print the record but may submit the same in typewriting. In *Manhattan Railway Co.* v. *Taber* (7 Misc. 347) it was held that an offer to stipulate that the stenographer's minutes might be produced, did not furnish any ground for an order dispensing with the printing of the minutes. The paper filed was clearly a notice of intention to file a claim and not a claim, and the filing of said paper cannot be construed as the commencement of the action. It was the fulfillment of a condition precedent to the cause of action or claim. (*Federman* v. *State of New York*, 173 Misc. 830.)

*McMahon* v. *State of New York* (173 Misc. 1004, affd. 261 App. Div. 879) is not applicable as in that case the claimant was given permission to file his claim upon motion made within the two-year period provided in subdivision 5 of section 10 of the Court of Claims Act.

The motion must be denied. If, as claimed, the liability of the State was established in *Mohawk Carpet Mills* v. *State of New York* (267 App. Div. 707, affd. 296 N. Y. 609) claimant's recourse is to the Legislature.