ROSEMARY DEVINE, Respondent, *v.* NICHOLAS KELLER et al., Appellants.

Third Department, April 21, 1969.

*Mullarkey, Horigan & Harrigan (Richard T. Horigan* of counsel), for appellants.

*Silverman & Silverman (S. Robert Silverman* of counsel), for respondent.

AULISI, J.  Appeal is taken (1) from a judgment of the Supreme Court in favor of plaintiff, entered April 18, 1968, in Schenectady County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered October 10, 1968, which denied defendant's motion to set aside the verdict of the jury and for a new trial.

This is an action for personal injuries sustained as the result of an automobile accident in the City of Albany on November 15, 1965.  Defendant contends that certain remarks made by plaintiff's counsel during his summation constituted reversible error.  These were objected to by defendant's counsel, but no record was made as to the objections, the remarks which precipitated them, or the trial court's rulings thereon.  There is in the record, however, a complete transcript of the argument upon the motion to set aside the verdict and defendant's attorney's enumeration of the exceptions and objections taken during plaintiff's summation met with no substantial contradiction by the Trial Judge or defendant's counsel.

It is apparent that the defense requested a stenographic record at the time of the objections of the subsequent proceedings, including the allegedly improper statements.  Section 295 of the Judiciary Law states in part that the " stenographer shall take complete stenographic notes of each ruling or decision of the presiding judge, and when the trial is by jury each and every remark or comment of such judge during the trial, when requested so to do by either party, together with each and every exception taken to any such ruling, decision, remark or comment by or on behalf of any party to the action."  In denying defendant's request that the objections and exceptions and the rulings thereon be recorded, the trial court apparently misapprehended the meaning and the scope of our rule that no summations shall be taken down by the stenographer unless prior to commencement of any summation request is made that

all summations be recorded (Rules for Trial and Special Terms of Supreme Court, 3d Jud. Dept., rule 2.04; 22 NYCRR 861.4). However, although no request was made by either party to have the summations taken, the trial court erred in refusing to have defendant's objections, together with the related statements and rulings, recorded as requested at the time. (*People* v. *Fearon,* 13 N Y 2d 59; *Pacific Bank* v. *Worth,* 220 App. Div. 830; *Paffen* v. *City of New York,* 176 App. Div. 423; *Riccardi* v. *Rogosin,* 131 Misc. 46.) An older but nonetheless respectable authority, " Cross Examination and Summation ", Balicer (1948), also hits the problem. After noting that counsel should object at the time offending statements are made and ask for rulings at that time (see, also, as to this 8 Carmody-Wait 2d, New York Practice, § 56:140), it is stated: " He should also request to have the improper statement recorded by the stenographer for, if the statements are not in the record, the appellate court cannot review them on appeal." (§ 77, pp. 285, 286, citing in support *Niles* v. *New York Cent. & Hudson Riv. R. R. Co.,* 13 App. Div. 549.)

Plaintiff's argument that since any remarks objected to could not subsequently be recorded " verbatim " only reinforces the reason and necessity for transcribing the objectionable items at the time requested when they are most likely to be accurately reproduced. It is extremely unlikely that at that time either attorney will dispute a truthful recital of his remarks, in the presence of the Trial Judge and jurors who heard them. Since there is no proper record of the statements alleged to be objectionable for us to review, we have no alternative but to reverse and grant a new trial. The difficulty would not be completely obviated nor would the result of the appeal be affected, were we to grant plaintiff's tardy application to amend the record piecemeal by adding a purported transcript of some part of the disputed procedures; and, in consequence, that application must be denied.

The trial court's refusal to require production of the report rendered plaintiff's attorney by the attending physician seems to have been correct, absent a proper foundation. (Cf. *Alfredsen* v. *Loomis,* 148 N. Y. S. 2d 468; and see 1 Bender's New York Evidence, § 26.01, note 5, pp. 168–169.)

Defendant also contends that he was improperly precluded from inquiring into a subsequent accident involving plaintiff because she denied any injury to her back which was the basis for her present claim. Although prior or subsequent misconduct or litigation on the part of a party, unrelated to the accident in issue, is inadmissible (*Engel* v. *United Traction Co.,*

203 N. Y. 321; *Palmeri* v. *Manhattan Ry. Co.,* 133 N. Y. 261; *Lizzo* v. *O'Connor,* 286 App. Div. 1021; *Grenadier* v. *Surface Transp. Corp. of N. Y.,* 271 App. Div. 460) it is proper to allow inquiry concerning plaintiff's alleged damages (*Petersen* v. *Forty-Five Nevins St. Corp.,* 22 A D 2d 960, affd. 17 N Y 2d 885; *Bowers* v. *Johnson,* 26 A D 2d 552). Further development of evidence of related physical condition should be allowed, with proper care and instruction to limit the evidence to that issue only.

Defendant further argues that the trial court's charge was prejudicial and that the verdict was excessive. Although the use of monetary examples in the charge should be avoided unless necessitated by the case, we do not pass on either of the above objections since a new trial is required.

The application to amend the record pursuant to conditional stipulation should be denied, without costs.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

GIBSON, P. J., HERLIHY, REYNOLDS and GREENBLOTT, JJ., concur.

Application to amend record pursuant to conditional stipulation denied, without costs.

Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.