■ NICHOLAS EVANGELOU, Appellant, v PETER D. FORD, Respondent.—Mikoll, J. Appeals from a judgment and an amended judgment of the Supreme Court (Torraca, J.), entered August 14, 1987 and September 17, 1987 in Ulster County, upon a verdict rendered in favor of defendant.

Plaintiff sued defendant for personal injuries resulting from an automobile accident occurring on August 14, 1984. Plaintiff's car, while stopped at a red light, was struck in the rear by defendant's car which had been stopped behind him. It was defendant's contention that a wasp entered his vehicle, causing his foot to come off the brake and propelling his vehicle into plaintiff's car. After a jury trial, a verdict was found in favor of defendant. The jury, in answering submitted interrogatories, found that plaintiff had not met the threshold requirements of Insurance Law article 51.

Insurance Law §§ 5102 and 5104 establish threshold requirements that an injured plaintiff must meet before a right of recovery for personal injury comes into being. In view of the

jury determination here that "serious injury" was not established, plaintiff's allegation of error as to jury instructions on the emergency doctrine as it relates to legal responsibility for his injuries is academic and presents no grounds for reversal. The issue of whether defendant was negligent or the amount of damages recoverable was never reached by the jury (see, Lehoczky v New York State Elec. & Gas Corp., 149 AD2d 862, 864).

We also hold that plaintiff's allegations of tampering with the record at trial are meritless. Plaintiff has failed to show that he was denied a fair opportunity to resettle the record. Further, no intentional altering of the record was established. Plaintiff's bare allegations are unsubstantiated. Moreover the amendments proposed by plaintiff are such that they would not have had a significant impact on the jury's ultimate verdict.

Plaintiff also contends that failure to record the summations was prejudicial to his case requiring a reversal and retrial. However, the trial transcript indicates that the summations were not recorded by agreement. Judiciary Law § 295 requires stenographic minutes be taken of tried cases. Defendant does not recall whether there was a request to record the summations or whether it was denied. Plaintiff waited until an adverse jury verdict was rendered before raising the issue. Other than the fact that summations were not recorded, it is significant that plaintiff makes no allegations of impropriety in the course of the summations. We thus find plaintiff's claim of prejudice to be without merit (see, Rice v Ninacs, 34 AD2d 388; cf., Devine v Keller, 32 AD2d 34). The other issues raised by plaintiff are without merit.

Judgment and amended judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.