STANZY VEELDORANO, Appellant, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Respondent.

First Department, November 7, 1919.

Street railways — negligence — contributory negligence — wagon while turning to cross street near intersection struck by trolley car injuring driver — cross-examination — evidence — prior accidents — admissibility of ordinance requiring vehicle turning into another street to pass to right of and beyond street intersection.

In an action by the driver of a wagon for personal injuries alleged to have been sustained by the wagon being struck by a trolley car as the plaintiff was turning to cross the street, it is reversible error to permit the cross-examination of the plaintiff as to prior accidents, although on said examination in answer to the question whether he had crossed the crossing giving notice, he swore: "I have played safety first." Whether plaintiff had been negligent at other times or even whether he was generally negligent is not a pertinent fact.

Where, in such an action, it appears that the plaintiff at the time of the accident was not turning into another street, and that the point where he turned was not a street intersection, it was reversible error to admit in evidence an ordinance requiring a vehicle turning to the left into another street to pass to the right of and beyond the intersection before turning, especially where the jury could have inferred from the court's charge and

refusal to charge that the plaintiff was guilty of contributory negligence or at least that it was evidence upon his contributory negligence that he did not pass to the right of and beyond the intersection of the street before turning around.

APPEAL by the plaintiff, Stanzy Veeldorano, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 4th day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of December, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Thomas J. O'Neill* of counsel [*L. F. Fish* with him on the brief], for the appellant.

*E. Crosby Kindleberger* of counsel [*Alfred T. Davison*, attorney], for the respondent.

SMITH, J.:

The action is one for negligence. The plaintiff was the driver of a water wagon in the department of street cleaning. He was proceeding west upon One Hundred and Thirty-eighth street towards the intersection with Mott avenue. Mott avenue was considerably wider at this point than it was further north. There was a plaza there. Mott avenue to the south went to the river and was little used; to the north it was much used. There was a pole upon which the railroad wires were strung in One Hundred and Thirty-eighth street to the eastern part of this plaza. It was about forty-five feet east from the east line of Mott avenue, extended from the north. It was somewhat west from the east line of Mott avenue as it turned in and made the plaza from the south. It was south of the property owned by the New York Central railroad used as a station. The plaintiff was going west upon his water wagon and did not desire to turn into Mott avenue, but desired to turn across the street from the north to the south so as to proceed easterly and water the south side of the street. He swears that he looked to the east and saw a car about 150 feet away. The next he saw of the car was when he was turning the car struck his wagon and pushed it against this trolley pole and caused plaintiff's injury. The jury rendered a verdict for the defendant.

There are, I think, two errors which require a reversal of this judgment. The defendant was allowed to ask the plaintiff whether he had had four other accidents. Now in in one of those accidents presumably he was not guilty of negligence, because he was paid by the trolley company an amount for the damages which he suffered. As to the three other accidents there is no proof of the circumstances under which they occurred. It is not proper to ask the plaintiff as to these accidents any more than it would be to ask whether the defendant had not had other accidents through the same motorman. The question is as to what negligence caused this accident and whether plaintiff had been negligent at other times or even whether he was generally negligent is not a pertinent fact. While it is not proven that these other accidents were caused by the fault of the plaintiff, nevertheless, the general inference would be that he was a careless man generally. The defendant seeks to sustain this ruling as proper cross-examination in answer to other evidence given by him. He was asked whether he had crossed the crossing giving notice, and he swore: " I have played safety first." This also was upon cross-examination. It is claimed that in view of that testimony this cross-examination as to his other accidents was proper. I think it was not. It was extremely prejudicial to the plaintiff, and for this error the judgment should be reversed.

There is another ground upon which the judgment should be reversed. There is an ordinance of the city which reads as follows: " 6. Turning to the left into another street. A vehicle turning to the left into another street shall pass to the right of and beyond the center of the street intersection before turning." (Code of Ordinances [1916], chap. 24, art. 2, § 11, subd. 6.) This ordinance was admitted in evidence over the plaintiff's objection. I do not think it was competent evidence. In the first place the plaintiff was not turning into another street so he was not subject to the provisions of the ordinance. In the second place in my opinion this point should not be deemed the intersection of the street. The main travel upon Mott avenue to the north would be entirely to the west of this trolley pole and in fact the main travel north upon Mott avenue coming from the west upon One Hundred and Thirty-eighth street would be to the west of this trolley pole. I think that

the plaintiff was not required to go beyond the trolley pole, but he had the right, if he exercised reasonable care to go to the left of this trolley pole in turning around, so as to take the other side of the street. The mere introduction of this ordinance would probably not have caused much injury to the plaintiff except for the charge as made. The charge was colorless. It did not state in any way what the plaintiff's duty was or what was the defendant's duty and at the end of the charge the defendant's counsel asked the court to charge that the plaintiff was presumed to know and called upon to know concerning these ordinances which had been read in evidence. This he charged. He was further asked to charge that disobedience of one of these ordinances is some evidence of negligence. His answer is: " It is some evidence that is to be taken in connection with all of the other testimony as to whose negligence caused the accident." The court then said: " I have two requests from the plaintiff's counsel. It is undisputed in this case that the plaintiff while going west on the north side of One Hundred and Thirty-eighth street, was turning to the left for the purpose of crossing to the east side of the street so that he could proceed in an easterly direction on the south side of the street. I refuse to so charge for the reason that as I understand the testimony, the plaintiff had gone to the intersection of Mott avenue and One Hundred and Thirty-eighth street, and that he was just crossing inside of One Hundred and Thirty-eighth street. He was crossing at an intersection of One Hundred and Thirty-eighth street and Mott avenue, so I refuse to make that charge." The plaintiff's counsel excepted. " The Court: No. 2. If the jury find that the plaintiff was crossing from the north side of One Hundred and Thirty-eighth street, he was not required by the city ordinances or police regulations in evidence to go to the west of the centre of the intersection of One Hundred and Thirty-eighth street and Mott avenue. The ordinance merely required that in crossing from one side of the street to the other he should do so by turning to the left so as to keep in the same direction as the traffic on that side of the street. I refuse to so charge for the same reason, that the evidence is that the crossing was at the intersection of One

Hundred and Thirty-eighth street and Mott avenue, and not in the centre of the street between the blocks." To this the plaintiff's counsel excepted. (See Code of Ordinances [1916], chap. 24, art. 2, § 11, subds. 6, 7; Police Dept. Reg. Street Traffic, § 4.)

It seems clear that the jury must have drawn the inference from this charge of the court and refusal to charge the plaintiff's requests that the plaintiff was guilty of contributory negligence, or, at least, that it was evidence upon his contributory negligence that he did not pass the intersection of Mott avenue and go over upon the west side before turning around. Neither the ordinance nor the general rule applies. He was practically east of the traffic, both north and south upon Mott avenue, and it was perfectly proper for him to cross over the street where he did. This charge to the jury presents a wrong basis upon which to determine the plaintiff's contributory negligence. For this error also I think the judgment should be reversed.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.