MARY FLANNAGAN, as Administratrix, etc., of CHARLES F. FLANNAGAN, Deceased, Respondent, *v.* ESTELLE W. BROWN and Another, Appellants.

First Department, February 20, 1925.

**Motor vehicles — action to recover for death of plaintiff's intestate who was struck and killed by defendant's automobile — verdict in favor of plaintiff on question of negligence and contributory negligence not against weight of evidence though evidence was close — evidence — prejudicial error to permit plaintiff on cross-examination of chauffeur who drove defendant's car to show that chauffeur had been convicted of speeding before and after accident for purpose of establishing that he was not careful driver.**

In an action to recover damages for the death of plaintiff's intestate, who was killed by defendant's automobile, the verdict of the jury in favor of plaintiff on the question of negligence and contributory negligence was not against the weight of the evidence although the evidence on those questions was very close.

It was prejudicial error for the court to permit plaintiff's counsel, over repeated objections by the defendant's counsel, to bring out on the cross-examination of the chauffeur who was driving defendant's car that he had been convicted twice for speeding, once before the accident and once after it, since the purpose of the evidence was not to affect the credibility of the chauffeur but to show that he was not a careful driver and thereby raise the presumption that he was negligent at the time of the accident.

APPEAL by the defendants, Estelle W. Brown and another, from a judgment of the Supreme Court in favor of the plaintiff, entered

App. Div. 694]        First Department, February, 1925.

in the office of the clerk of the county of New York on the 16th day of October, 1923, upon the verdict of a jury for $15,000.

*William Dike Reed* [*William B. Shelton* with him on the brief], for the appellants.

*Thomas J. O' Neill* [*Leonard F. Fish* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover damages for injuries sustained by reason of defendants' alleged negligence. The accident occurred on April 24, 1922, on the east side of Columbus avenue, between Eightieth and Eighty-first streets, in the borough of Manhattan, city of New York. Deceased, a chauffeur, was claimed to have been working at the brake on the left-hand rear wheel of his taxicab, then standing at the easterly curb of the avenue, when he was struck by an automobile belonging to defendant Brown, and driven by the defendant Grothe, a chauffeur in the employ of Mrs. Joan E. Trounstine.

On the preceding Saturday Mrs. Trounstine had telephoned her friend the defendant, Mrs. Brown, to inquire as to the latter's condition. During the course of that conversation, as testified to by Mrs. Brown, " She [Mrs. Trounstine] said that her car was in the shop, otherwise she would be glad to take me for a drive, and I said I couldn't drive my own car on account of having this injured ankle. Then she said she would be glad to place her chauffeur at my disposal, and I thanked her and said, ' No, I wouldn't do that, but as long as she was coming to see me on the following Monday afternoon, if she wished, her chauffeur could drive my car and we both could go for a ride.' " Pursuant to this arrangement, Mrs. Trounstine ordered her chauffeur, Grothe, to go to the Monterey Garage to get Mrs. Brown's car; from there he proceeded to the Hotel Embassy, where Mrs. Trounstine entered the car; he was then on his way with her proceeding north on Columbus avenue, to go to Mrs. Brown's house at 300 Central Park West, by Mrs. Trounstine's orders, when the accident took place.

There were sharply contested issues as to intestate's freedom from contributory negligence, and as to defendants' negligence, and while the outcome on both these propositions was close, it cannot be said that the verdict on either was against the weight of the evidence. But the very closeness of the issues renders doubly important any erroneous ruling upon the admission of evidence going directly to the main issue.

Clearly prejudicial error was committed by the learned trial court in allowing plaintiff's counsel, over repeated objections, to bring out on cross-examination of the chauffeur, Grothe, that he had twice been convicted for speeding, once before the occurrence in question, and once after it. The part of the record embracing this subject covers twenty-two folios. Plaintiff's counsel was not seeking to prove the convictions of Grothe for the purpose of affecting his credibility. He said: " We want to prove that upon previous occasions, that this man was convicted of driving his car at such an excessive rate of speed in the streets of the city of New York as to show he is not a careful driver." And the trial court emphasized the error when he said: " You cannot show whether or not he has been convicted of a crime. You could show whether or not he has been a careful driver, whether or not on any occasion he was charged with driving more than the legal rate of speed, and what became of that? " And again: " They are perfectly within their rights in showing that and the probability of his manner of driving that day."

Respondent's counsel now attempts to claim that " the questions and answers were competent on cross-examination as bearing upon the credibility of the witness." But the evidence was not offered on that theory, nor was it restricted to that issue. The proof of the convictions for speeding, one happening after the accident, was offered for the purpose of demonstrating from such convictions that he was not a careful driver, and thus raising a presumption that he had been driving negligently, carelessly and at an excessive speed on the day in question.

The evidence was highly improper for the purpose for which it was offered, and should have been excluded; the failure so to do constituted reversible error. (*Warner* v. *New York Central R. R. Co.*, 44 N. Y. 465; *Eppendorf* v. *Brooklyn City & Newtown R. R. Co.*, 69 id. 195; *Zucker* v. *Whitridge*, 205 id. 50.)

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.