Cohn, J.
This is an action to recover damages for personal injuries predicated on the alleged carelessness of the appellant in the operation of its motor bus. The conflicting evidence on the trial as to the appellant’s negligence presented sharp issues of fact for the jury. There would be no justification for interfering with the judgment for respondent in this case, otherwise correctly tried, were it not for the fact that prejudicial error was committed in permitting respondent over objection and exception to elicit evidence which was incompetent.
In the printed form of report of the accident which appellant’s bus driver was required to file with the New York State Motor Vehicle Bureau, he stated, in response to questions contained therein, that he had had two previous accidents.
Upon cross-examination of the driver, respondent’s counsel interrogated-the witness as to whether he had thus answered the questions in his report to the Motor Vehicle Bureau. Counsel *461 was then permitted, over further objections, to cross-examine the witness to establish that he had actually had more than two prior accidents.
According to respondent, the cross-examination referred to was pursued, as her counsel stated on the trial, for the sole purpose of attacking the credibility of the witness. Whether or not that was the object of the respondent’s counsel, we think that the obvious effect of such testimony was to prejudice the minds of the jurors by causing them to believe that the bus driver was generally careless.
The courts in this State have repeatedly held that it is not competent for the plaintiff to adduce evidence tending to show that the person by whom the negligent act was committed had previously committed similar acts or that he was generally negligent, and that the failure to exclude such testimony constitutes reversible error. (Warner v. The New York Cen. R. R. Co., 44 N. Y. 465, 472; Eppendorf v. B. C. and N. R. R. Co., 69 N. Y. 195,198; Engel v. United Traction Co., 203 N. Y. 321, 324; Zucker v. Whitridge, 205 N. Y. 50, 65; Wooster v. B’dway & Seventh Ave. R. R. Co., 72 Hun 197, 198; Parsons v. Syracuse, Binghamton & Neto York R. R. Co., 133 App. Div. 461; Veeldorano v. Union Railway Co., 189 App. Div. 238, 240; Flannagan v. Brown, 211 App. Div. 694, 696.)
Respondent could not, as a matter of right, make such inquiries of the bus operator. The extent to which disparaging questions, not relevant to the issue but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court. (Turnpike-Road v. Loomis, 32 N. Y. 127; La Beau v. People, 34 N. Y. 223, 230; People v. Slover, 232 N. Y. 264.) However, in the exercise of its discretion, the court must keep such cross-examination within reasonable bounds.
In this instance we think that the cross-examination should not have been allowed since it was calculated to improperly influence the jury in its deliberation upon the issue as to the negligence of appellant. By showing that appellant’s driver had been involved in many previous accidents, respondent plainly carried the implication to the jury that he was a generally negligent driver and was, therefore, probably negligent upon this particular occasion. In our view, in the circumstances of this case, such testimony was improper and prejudicial.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Martin, P. J., Dore, Callahan and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costa to the appellant to abide the event.