■ CONO NASO, Respondent, v. WATES & COMPANY, INC., Appellant, et al., Defendants.— In a negligence action to recover damages for personal injury, the defendant Wates & Company, Inc. (hereafter called "Wates") appeals from so much of a judgment of the Supreme Court, Nassau County, entered November 20, 1963 after trial, upon a jury's verdict, as is in favor of the plaintiff and against it. The action against the other defendants was discontinued at the trial. Judgment, insofar as appealed from, reversed on the law, without costs, and complaint dismissed, without costs. The findings of fact implicit in the verdict are affirmed. This action was brought to recover damages for personal injury sustained by plaintiff as a result of the negligence of the defendant Wates. The action was based on said defendant's violation of section 241 of the Labor Law and of the rules made pursuant thereto. Plaintiff was employed by a cesspool contractor, one Cance, who was engaged by Wates to find and to remedy a stoppage in a waste line between the septic tank and the cesspool serving a house which Wates, three years previously, had constructed and sold with a five-year guarantee on the sanitary facilities. In the performance of his undertaking, Cance employed a crane operator and a crane to dig a trench between the cesspool and the septic tank; and, as soon as the trench was completed, Cance sent plaintiff into it to locate the pipe. Although at some places the trench was seven feet deep, it was neither shored nor braced. Very soon after plaintiff entered the trench the side collapsed, causing him to be injured. At the time of this operation, one

of Wates' officers who had been working on a construction job about a block away, was actually on the premises. The record clearly shows, however, that he was not supervising the operation or directing either plaintiff or the subcontractor Cance. The case was submitted to the jury on the sole theory that Wates had failed to have the trench shored and braced. The court charged the jury that under rule 23 of the Industrial Code, promulgated by the Board of Standards and Appeals of the State Department of Labor pursuant to subdivision 6 of section 241 of the Labor Law (as it existed on the date of the accident, Sept. 17, 1959), shoring and bracing must be supplied in trench excavations five feet or more in depth where the soil textures or other conditions render the sides of the excavation unstable. On this appeal, Wates contends that under section 241 of the Labor Law which applies to owners and general contractors, the obligation created by rule 23 was not imposed upon it but upon Cance as the employer and supervisor pursuant to section 240 of the Labor Law. There is a distinction between the duties laid upon " contractors and owners" under section 241 of the Labor Law and on a " person employing or directing another to perform labor" under section 240 of the Labor Law. That distinction has been pointed out in *Conte* v. *Large Scale Dev. Corp.* (10 N Y 2d 20) and in *Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538). Broadly, the distinction is that the general contractor and the owner are responsible for the safe condition of the commonly-used portions of the premises, but that the subcontractors are responsible for supplying safety devices in the areas created by and intimately connected with their work. In a strikingly similar recent case (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129) the Court of Appeals held that the excavating subcontractor had the sole duty to brace and shore the excavation; and it dismissed the complaint against the general contractor. On the authority of that case, the judgment here appealed from must be reversed on the law and the complaint dismissed. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.