■ CARLA SENKBEIL, as Administratrix of the Estate of BRUNO SENK-BEIL, Deceased, Respondent-Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants-Respondents. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Third-Party Plaintiff-Respondent; STAR BUILDING CLEAN-ERS, INC., Third-Party Defendant-Appellant.— In an action to recover damages for the wrongful death of plaintiff's intestate, in which the defendants, the Board of Education of the City of New York and the Lew Morris Demolition Co., Inc., interposed cross complaints against each other, and in which the Board of Education also served a third-party complaint against Star Building Cleaners, Inc., as third-party defendant, the parties cross-appeal as follows from: (1) a judgment of the Supreme Court, Kings County, entered January 28, 1963, upon a jury's verdict for $70,562.65 in the plaintiff's favor as against the defendant Board of Education only; and (2) an order of said court, entered January 18, 1963, which, pursuant to stipulation of the parties, disposed of their various motions, the cross complaints and the third-party complaint: (1) The plaintiff administratrix appeals: (a) from so much of the judgment as was in favor of the defendant Lew Morris corporation; and (b) from so much of the order as denied plaintiff's motion to set aside the

verdict in said defendant's favor and as granted the defendant board's motion to set aside the verdict against it unless plaintiff should stipulate to reduce the amount thereof to $49,562.65. (2) The defendant Board of Education appeals from the judgment insofar as it awarded damages to plaintiff against it in the reduced amount. (3) The defendant Lew Morris corporation appeals: (a) from the judgment, except insofar as it was in its favor against the plaintiff; and (b) from the order except insofar as it denied plaintiff's motion to set aside the jury's verdict in its favor. (4) The corporate defendant Star appeals, as limited by its brief, from so much of the judgment as: (a) awarded damages in the reduced amount to plaintiff against the defendant Board of Education; and (b) as granted recovery over in like amount in the board's favor against it in the third-party action. Judgment modified on the law and the facts, as follows: (1) by striking out its second decretal paragraph, directing recovery by the plaintiff against the defendant Board of Education and recovery over by the board against the defendant Lew Morris Demolition Co., Inc., and against the third-party defendant Star Building Cleaners, Inc.; and (2) by substituting therefor a decretal paragraph dismissing on the law, without costs, the plaintiff's complaint as against the defendants, Board of Education and Lew Morris Demolition Co., Inc.; dismissing as academic, without costs, the cross complaints of said defendants against each other; and dismissing as academic, without costs, the board's third-party complaint against the third-party defendant, Star Building Cleaners, Inc. As so modified, the judgment, insofar as appealed from by the respective parties, is affirmed, without costs. The appeals from the order of January 18, 1963 are dismissed, without costs, as academic. The defendant Board of Education entered into a contract with the corporate defendant Morris to demolish one of two adjoining buildings which comprised Public School No. 3 in Brooklyn. It is undisputed that Morris was to leave the premises in safe condition. At about the same time the board contracted with the corporate defendant Star to finish the rough wall of the remaining building; close openings; point up the joints on the brick work; install missing bricks; and apply wire mesh and stucco to the exterior of this wall which, before demolition, had been a party wall between the buildings. By its contract Star was obliged to inspect all work which was to be repaired and to place immediately in safe condition any work found to be weakened, structurally unsafe or otherwise hazardous. Morris completed its demolition work about April 26, 1957; and Star, after an inspection of the wall and site by one of its officers, commenced work on May 11, 1957. When it hung scaffolds from the wall, some bricks fell down as the scaffolds were raised, but Star built no catch platforms and supplied no helmets to its men. No one informed the board's inspector Banahan of the falling bricks. Banahan visted the job about every other day to make sure the work conformed to specifications. Part of Star's work was to build a low brick parapet on the roof of the boys' toilet which was next to and beneath a section of chimney and wall which had been tied in to the demolished building. This chimney and wall were jagged where the bricks had interlaced with the demolished building. Morris was of the opinion that some work had been done on the jagged section after it had left the job, but Star denied that it had done any work on this section of the wall. On the morning of May 24, 1957, plaintiff's decedent was about to commence work on the roof of the boys' toilet where he had been building the parapet wall, when he was struck by two bricks which fell from the wall or chimney above; and he sustained injuries resulting in his death. There is a conflict of testimony as to whether a scaffold had been hung on the wall over decedent's place of

work, but we accept the plaintiff's version of the facts, namely: that the scaffold was placed over the roof where decedent was to work after the accident. In charging the jury the court instructed them that it was the board's duty to provide decedent with a safe place to work. Although no exceptions were taken to such portion of the charge, the defendants did move to dismiss the action against the board on the grounds: (1) that it had done nothing which it should not have done; (2) that it had not failed to do anything it ought to have done; and (3) that decedent's work was inherently dangerous and was designed to render safe the very condition of which plaintiff complains. The jury found a verdict in favor of the defendant demolition contractor Morris, but awarded damages of $70,562.65 in favor of the plaintiff against the defendant board. Plaintiff later consented to a reduction of the amount of the verdict. Questions have been raised on this appeal as to the propriety of this reduction and as to the recovery over which the court granted to the board against its contractors. For reasons appearing below we first consider the questions raised by the parties as to the verdict in favor of the plaintiff against the board, and as to the verdict in favor of Morris against the plaintiff. As to the verdict in plaintiff's favor, we think that the charge imputing to the board the obligation to provide the decedent with a safe place of work was erroneous. Where a subcontractor's negligence as to a detail of the work causes injury, or the prosecution of the work itself necessitates or creates the risk, the "safe place to work" doctrine is not applicable (*Wright v. Belt Associates,* 14 N Y 2d 129; *Zucchelli v. City Constr. Co.,* 4 N Y 2d 52; *Kowalsky v. Conreco Co.,* 264 N. Y. 125; *Mullin v. Genesee County Elec. Light Power & Gas Co.,* 202 N. Y. 275; *Employers Mut. Liab. Ins. Co. v. Di Cesare & Monaco Concrete Constr. Corp.,* 9 A D 2d 379; *Ferrante v. Caye Constr. Co.,* 19 A D 2d 553). Where it was the subcontractor's duty to inspect and make safe the wall on which he was to work there was no secondary obligation on the board to order the wall to be faced before the parapet below was built, even if the board had been aware of dangers caused by the subcontractor's tools, plant or methods (*Wright v. Belt Associates, supra*). The board could not provide decedent with a safe place to work in respect to the very defects which the decedent and his employer were engaged to eliminate. The fact that at the moment of the injury the decedent was not engaged in the process of eliminating the defects but of preparing to build a parapet is not in our view significant. As to the verdict in favor of the demolition contractor Morris, we are unable to find that it was against the weight of the credible evidence. There was some evidence that the decedent's employer had worked on the chimney and wall from which the bricks fell, but even if this evidence be disregarded we cannot agree that only the negligence of the demolition contractor can explain the falling of two bricks from an old partially demolished wall which had stood for a month, without its usual supports, exposed to the weather conditions and the vibrations of passing traffic. In view of the foregoing, the plaintiff's remedy is solely against the decedent's employer under the Workmen's Compensation Law. In view of our disposition, the questions raised as to the amount of the verdict and the propriety of the board's recovery over against the other defendants become academic. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.