■    JAMES HARTLEY, Appellant, v. THEODORE C. SZADKOWSKI, SR., et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court, Nassau County, entered July 19, 1967, in favor of defendants upon a jury verdict at a trial limited to the issues of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below have not been affirmed. This is an action by the operator of an automobile to recover damages for personal injuries sustained by him as a result of a collision with defendants' motor vehicle. Plaintiff produced two witnesses whose credibility was put in issue through searching cross-examination by defense counsel. Defendants rested at the end of plaintiff's case. The jury returned a verdict finding defendants guilty of negligence and plaintiff guilty of contributory negligence. The trial court committed prejudicial error when it permitted defense counsel to cross-examine plaintiff concerning a prior accident (*Grenadier* v. *Surface Transp. Corp. of N. Y.*, 271 App. Div. 460, 461; and cases cited therein). The erroneous ruling, over objection by plaintiff's counsel, affected a substantial right and under the circumstances of this case may not be disregarded under CPLR 2002 (see *Lizzo* v. *O'Connor*, 286 App. Div. 1021). The evidence, if offered to show that plaintiff was generally careless, was incompetent (*Warner* v. *New York Cent. R. R. Co.*, 44 N. Y. 465; *Eppendorf* v. *Brooklyn City & Newtown R. R. Co.*, 69 N. Y. 195, 198). The trial court's ruling that this evidence was material and relevant clearly "impaired the fairness of the trial and obscured the real issues" (*Engel* v. *United Traction Co.*, 203 N. Y. 321, 325). If the evidence were admissible at all, to establish plaintiff's knowledge of the alleged dangerous condition of the highway at the point of impact, it was incumbent upon defendants to prove that the prior accident occurred under similar conditions at approximately the same point (*Veeldorano* v. *Union Ry. Co.*, 189 App. Div. 238; 41 N. Y. Jur., Negligence, §§ 101–102; 1 Warren's Negligence, ch. 9, §§ 7.01–7.02). Defendants failed to offer any proof other than the prior occurrence on the same road on the "same curves". Consequently, the testimony should have been stricken and the jury instructed that the testimony was not evidence of contributory negligence (see *Robinson* v. *City of Albany*, 14 A D 2d 626; cf. *Nourse* v. *Welsh*, 23 A D 2d 618). The learned trial court further erred when it permitted, over objection, defense counsel to elicit on cross-examination of plaintiff an opinion that the highway was dangerous. Generally, ordinary witnesses, as opposed to expert witnesses, may only testify as to facts and may describe the conditions and surrounding circumstances. It is the province of the jury to draw inferences from the facts and thereby characterize the condition of the roadway (Richardson, Evidence [9th ed.], § 381; 21 N. Y. Jur., Evidence, § 381). Finally, the Trial Judge compounded his previous erroneous rulings when, in marshalling the evidence, he stated that defendants contend that "plaintiff was drinking and therefore his senses were dulled" at the time of the accident. There was no evidence that plaintiff had had anything to drink and, while the subsequent *pro forma* charge to the jury that their recollection of the facts controls may have had a curative effect, it is clear that the statement in question bore heavily on the issue of plaintiff's contributory negligence. Where an instruction has a "prejudicial effect" on the main issue in a case (here, contributory negligence), this court will, in the interests of justice, overlook the failure to take exception to the erroneous ruling (see *Carroll* v. *Harris*, 23 A D 2d 582;

*Martinez* v. *Adelphi Hosp.,* 21 A D 2d 675). While the afore-mentioned statement might not of itself be sufficient to warrant a reversal herein, that error in conjunction with the other erroneous rulings placed an unduly heavy burden upon plaintiff to establish his freedom from contributory negligence. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.