Breitel, J.
 

 In a personal injury negligence action involving the alleged malfunction of rented ski equipment, plaintiff appeals. The Appellate Division reversed on the law only a judgment in his favor based on a jury verdict and dismissed the complaint. The principal issue is whether there was a failure of proof because plaintiff’s expert did not develop the technical foundation for his opinion.
 

 The testimony of plaintiff’s expert was proper and, therefore, established a prima facie case. Consequently, the complaint should not have been dismissed.
 

 Plaintiff, for his first attempt at skiing, visited defendant’s facility where he rented a pair of skis, boots and poles. After being assisted by an employee in fastening the boots and skis, he left the relatively flat rental area and proceeded, on skis, toward a tow line. To reach the line he descended a slope. Halfway down, and but a minute or so after putting on the equipment, he fell and suffered a fractured right femur resulting in a shortening of the leg with a permanent limp.
 

 Plaintiff testified that he was 30 feet down the incline when his body twisted and he fell, and that while falling he felt a sharp pain in his right leg. Plaintiff’s expert testified that the injuries were caused by the malfunction of the ski bindings which should have released plaintiff’s foot. He described the safety release mechanisms, including a swivel toe release, their function in protecting the skier from serious injury, and demonstrated manually and explained the motion which should activate the toe release. The swivel toe release is so designed that when a certain amount of lateral pressure is exerted the release will free the skier’s foot and prevent serious injury in a fall. The expert was then asked the following hypothetical question:
 
 “
 
 How assume, sir, a man five foot six tall, weighing 120 pounds [plaintiff’s height and weight], falling to the right and twisting the body, without forward motion, and no .release of the [toe release] binding, what force or torque is transmitted to the leg by the ski? ”
 

 
 *413
 
 Prior to the witness ’ response, defendant objected that prior testimony was to the effect that plaintiff twisted his body to the right
 
 before
 
 falling, instead of “falling to the right and twisting.” The objection was overruled and the witness responded: ‘ ‘ Under these conditions, you are concerned with what is known as a static law, a static force. Since you have eliminated, to a major degree, what’s known as the inertia or moving force of a body in motion. Under these conditions, we would find a minimal amount, the minimal force under all conditions, and in the case of this person that you just described, the force transmitted would be in excess of 325 foot pounds, in a torque or a lateral twisting motion.”
 

 The critical testimony is the 325 foot pound estimate. It ties in with the expert testimony submitted by both parties that if the toe release is functioning it should release at 75 or 100 foot pounds. Consequently, the failure of the binding to release the foot and the resulting injuries may be attributed to a defect in the apparatus.
 

 On cross-examination of plaintiff’s expert an exculpatory explanation was developed for the failure of the binding to release: If the skier fell in a motion perfectly perpendicular to his ski, no amount of pressure would release a functioning toe release.
 

 The Appellate Division, in dismissing the complaint, observed that plaintiff’s expert was permitted to give an opinion of the cause of the accident without stating his reasons. It concluded that the plaintiff’s showing was insufficient to support an inference of negligence.
 

 Defendant contends that since the expert was relying upon a complicated field of mathematics or physics, he should have explained to the jury the reasons for his technical opinion that plaintiff’s fall exerted 325 foot pounds of pressure on the toe binding.
 

 Preliminarily, the issue was never preserved by defendant for review. Its objection at trial recited the inclusion in the hypothetical question of a fact allegedly not supported by the evidence. No objection was made, following the witness’ response, to the technical basis for his computation. However, reliance need not be placed upon this procedural omission.
 

 
 *414
 
 The rule under CPLR governing the testimony of qualified experts is not as defendant states it. An expert need not give technical reasons or bases for his opinion on direct examination. The matter may be left for development on cross-examination. If the facts in the hypothetical question are fairly inferable from the evidence, the expert may state his opinion without further foundation. The extent to which he elaborates or fails to elaborate on the technical basis supporting the opinion affects only the weight of the expert testimony. (CPLR 4515;
 
 Schlansky
 
 v.
 
 Augustus V. Riegel, Inc.,
 
 9 N Y 2d 493, 497;
 
 People
 
 v.
 
 Crossland,
 
 9 N Y 2d 464, 467; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4515.03, p. 45-234.)
 

 Here the jury was presented, through the hypothetical question, with the facts of the accident relied upon by the expert in giving his opinion. To the extent defendant considered it incomplete, defendant could have developed the issue on cross-examination.
 

 A remaining question of the qualification of plaintiff’s expert is insignificant. No objection was made to his qualifications. Moreover, the trial court’s exercise of discretion in permitting him to testify as an expert was not unreasonable as a matter of law, the only reviewable basis in this court
 
 (Meiselman
 
 v.
 
 Crown Hgts. Hosp.,
 
 285 N. Y. 389, 398-399). The witness is an engineer and an experienced skier often involved in investigating and reconstructing ski accidents. He was currently writing a book on the safe design and use of recreational equipment, including ski bindings.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that court for its considerations of the questions of fact.
 

 Chief Judge Fuld and Judges Burke, Bergan and Gibson concur with Judge Breitel ; Judges Scileppi and Jasen dissent and vote to affirm on the ground that the testimony of plaintiff’s expert witness was highly speculative and was insufficient as a matter of law to support a finding that the ski mechanism was defective.
 

 Order reversed, with costs, and case remitted to the Appellate Division for further proceedings in accordance with the opinion herein.