■ Edward T. McGovern, Jr., Appellant, v Riverdale Country School Realty Company, Inc., et al., Respondents.—Judgment, Supreme Court, Bronx County, entered October 3, 1974, dismissing the complaint at the close of plaintiff's case, unanimously affirmed, without costs or disbursements. Plaintiff, while a student at the defendant school, was injured during the course of a basketball game. The game was being held in the gym, which was 119 feet long and 79 feet wide. The basketball court was 84 feet long and 50 feet wide. There were two sets of double doors affording access to the gym located towards each end of the longer wall of the gym. Each door had a 47¼ inches by 5½ inches wiremeshed glass insert. During the course of the game, plaintiff attempted to retrieve a ball but could not stop. He struck the glass portion of the door and sustained personal injuries. The door which he struck was approximately 15 feet away from the nearest portion of the basketball court. The pleadings in this action enunciated two theories of recovery; namely, unsafe physical conditions and lack of adequate supervision. Proof of the first theory was sought to be adduced through the testimony of Mr. Volpe, a teacher and basketball coach by profession. The trial court sustained objections to his testifying relating to

---

* Not published with other decisions of December 18, 1975, 50 AD2d 983. [Rep.

the safety of the physical plant and, after plaintiff rested, the court granted a defense motion to dismiss for failure to make out a prima facie case. The offer of proof relating to the proposed expert testimony did not include any statement that Mr. Volpe had ever rendered advice regarding basketball court construction or had aided in designing or planning of gymnasiums or recreation areas (cf. *Stevens v Central School Dist. No. 1 of Town of Ramapo,* 25 AD2d 871, 873, affd 21 NY2d 780). There is no quarrel with the general proposition that the special expertise of a witness may stem from experience, observation, or knowledge (II Wigmore, Evidence [3d ed], § 558). However, it is also the rule in this State that the qualification of a witness to testify as an expert is left to the discretion of the trial court *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398; *Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414), and that discretion should generally not be disturbed (II Wigmore, Evidence [3d ed], § 561; *Slocovich v Orient Mut. Ins. Co.,* 108 NY 56, 62; *Meiselman v Crown Hgts. Hosp., supra,* pp 398–399). We find that in the case at bar the court providently exercised its discretion in barring the testimony of Mr. Volpe and, on that basis, there was insufficient in the record to create a factual issue as to the unsafe physical conditions in the gym warranting jury determination. Similarly, there was insufficient showing of lack of adequate supervision and we have accordingly affirmed. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.