■ JOHN FREEO, Appellant, v VICTOR A. PEROSI, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Respondent. JOHN P. THOMPSON and/or JOHN P. THOMSPON, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered May 19, 1975, which, *inter alia,* is in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment modified, on the law, by deleting therefrom all provisions, save those which are in favor of defendant Nassau Smelting and Refining Co., Inc. (Nassau), as against plaintiff. As so modified, judgment affirmed, with one bill of costs and disbursements to Nassau, payable by plaintiff; action severed and new trial granted both as between plaintiff and defendant Victor A. Perosi, Inc. (Perosi), in the main action, and on the third-party action, with costs to abide the event. No fact findings as to liability were presented for review. Plaintiff, an employee of third-party defendant John P. Thompson, the excavation subcontractor, was injured when a portion of the trench in which he was working collapsed. Defendant Nassau had retained defendant Perosi, a plumbing subcontractor, to install underground pipes on Nassau's grounds, and had retained Thompson to excavate the area in which the piping was to be installed. We have repeatedly held that a general contractor and an owner are responsible for the safe condition of the commonly used portions of the premises, but that the subcontractors are responsible for supplying safety devices in the areas created by, and intimately connected with, their work (see *Kappel v Fisher Bros. 6th Ave. Corp.,* 49 AD2d 578, affd 39 NY2d 1039; *Naso v Wates & Co.,* 21 AD2d 679, affd 15 NY2d 667). Where a subcontractor's negligence as to a detail of the work causes injury, or the prosecution of the work itself necessitates or creates the risk, the "safe place to work" doctrine is not applicable *(Senkbeil v Board of Educ.,* 23 AD2d 587, affd 18 NY2d 789). In order that the owner-general contractor be cast in damages, plaintiff is required to establish that it actively controlled, directed or supervised the work. The evidence failed to meet this test with respect to Nassau and the complaint was therefore properly dismissed as against it. However, a case sufficient to go to the jury was made out against Perosi, the plumbing subcontractor. There was ample evidence that the employees of both Perosi and Thompson worked together, with the knowledge of their respective employers, and that the plumbers instructed Thompson's back hoe operator where and how deeply to dig. At the time of the accident, plaintiff was straddling a section of pipe and was engaged in fitting the front end into the hub of a section of pipe which had been previously installed. A Thompson employee and a Perosi employee were behind him, pushing the pipe. Mr. Thompson was absent, but Mr. Perosi was on the scene. Plaintiff therefore is entitled to a new trial as against Perosi. Perosi's third-party complaint has been reinstated since Perosi, if found liable, may be entitled to recover against Thompson (see *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1). Cohalan, Acting P. J., Margett, Damiani and Shapiro, JJ., concur.