■    JOHN W. MOLINARI et al., Appellants, v CONFORTI & EISELE, INC, Respondent. GENESEE PAINTING Co., INC., et al., Third-Party Plaintiffs, v BUFFALO SHEET METAL, INC., Third-Party Defendant-Respondent. (Appeal No. 1.)—Judgment unanimously reversed on the law and facts and a new trial granted with costs to abide the event. Memorandum: Plaintiff John W. Molinari appeals from judgments entered upon a jury verdict in favor of the defendants. He claims that his left knee was injured in 1970 when he fell over some paint cans while working in a building then under construction. He contends, *inter alia,* that the temporary lighting was not properly maintained and was not functioning when the accident occurred. His wife, Joanne Molinari, appeals from the dismissal of her derivative claim. It is argued that the trial court erred in excluding the testimony of plaintiffs' expert witness, an architect, as to the accepted standards relating to temporary lighting on construction sites. Whether a witness has sufficient skill, knowledge or experience to testify as an expert in a particular area is subject to the discretion of the trial court *(Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389, 398-399; *McGovern v Riverdale Country School Realty Co.,* 51 AD2d 894). The witness testified that his primary professional concern was to insure that building contractors complied with architectural specifications. Since the trial court determined that the scope of the witness' expertise did not embrace the daily maintenance of temporary lighting systems, it was not an abuse of discretion to exclude the testimony (see *McGovern v Riverdale Country School Realty Co., supra;* cf. *Dillon v Socony Mobil Oil Co.,* 9 AD2d 835). Plaintiffs also claim error concerning the cross-examination of Mr. Molinari as to his previous injuries and the circumstances in which they were sustained. When prior accidents involve the same injury as that for which a present claim is made, cross-examination concerning the earlier injury is appropriate *(Capone v New York City Housing Auth.,* 29 AD2d 951, mod 33 AD2d 776; *Bowers v Johnson,* 26 AD2d 552; *Petersen v Forty-Five Nevins St. Corp.,* 22 AD2d 960, affd 17 NY2d 885). Thus, the defense inquiry here regarding the nature and extent of the prior injury to plaintiff's left leg was permissible. Cross-examination regarding prior injuries to the right leg was also proper inasmuch as plaintiff's medical witness had introduced them; they were documented in the original and supplemental bills of particulars; and it was the defense position that the claimed permanent disability did not result from the present accident, but arose instead from a pre-existing arthritic condition affecting both legs. Moreover, when plaintiff indicated that his use of two crutches was unrelated to any earlier disability in his right leg, his credibility was properly challenged since his medical records indicated that he had sustained serious injuries to that leg on at least two prior occasions. Similarly, the cross-examination as to a prior arm injury was relevant to the issue of disability, as well as to the issue of lost wages. While the nature and extent of previous injuries are

proper subjects of cross-examination, the development of such evidence should be limited to that issue only *(Devine v Keller,* 32 AD2d 34, 37). It may not induce the inference of negligence or demonstrate that the plaintiff is litigious and therefore unworthy of belief *(Palmeri v Manhattan Ry. Co.,* 133 NY 261; *Hartley v Szadkowski,* 32 AD2d 550; *Lizzo v O'Connor,* 286 App Div 1021; *Grenadier v Surface Transp. Corp. of N. Y.,* 271 App Div 460). Here, plaintiff was asked on cross-examination whether a 1958 injury resulted from a fall at a construction site. His attorney objected but was overruled. Plaintiff was then asked: "Mr. Molinari, you claimed at that time in 1960 that the party that you sued left debris lying around, isn't that right?" Again his attorney unsuccessfully objected. Plaintiff was also asked whether he told his doctor how a 1965 knee injury occurred and whether it was caused by tripping over some cans. Although plaintiff had testified, without objection, that this injury occurred when he fell over some tar cans, his later objections to these questions were nonetheless erroneously overruled. When considered with the cross-examination relative to the 1958 injury, it is difficult to avoid the conclusion that plaintiff is both litigious and generally careless. When such improper cross-examination is allowed over objection, it results in the impairment of the right to a fair trial *(Engel v United Traction Co.,* 203 NY 321, 325; *Hartley v Szadkowski, supra)* and will require reversal of a jury verdict in the absence of proper cautionary instructions (cf. *Robinson v City of Albany,* 14 AD2d 626). There was no such curative instruction here. We have considered plaintiff's remaining contentions and find them to be without merit, as is defendant University of Rochester's argument that it is entitled to a dismissal as a matter of law. Its reliance upon *Iuliani v Great Neck Sewer Dist.* (38 NY2d 885) is misplaced. Although an owner is not responsible for negligent acts of subcontractors when he exercises no control or supervision of the work site, he is responsible for the safe condition of the commonly used portions of the premises *(Naso v Wates & Co.,* 21 AD2d 679, 680 affd 15 NY2d 667.) It may not be stated as a matter of law on this record that the University of Rochester had no duty to insure that the lighting conditions were properly maintained at the construction site. (Appeal from Judgment of Monroe Supreme Court —negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.