proper subjects of cross-examination, the development of such evidence should be limited to that issue only *(Devine v Keller,* 32 AD2d 34, 37). It may not induce the inference of negligence or demonstrate that the plaintiff is litigious and therefore unworthy of belief *(Palmeri v Manhattan Ry. Co.,* 133 NY 261; *Hartley v Szadkowski,* 32 AD2d 550; *Lizzo v O'Connor,* 286 App Div 1021; *Grenadier v Surface Transp. Corp. of N. Y.,* 271 App Div 460). Here, plaintiff was asked on cross-examination whether a 1958 injury resulted from a fall at a construction site. His attorney objected but was overruled. Plaintiff was then asked: "Mr. Molinari, you claimed at that time in 1960 that the party that you sued left debris lying around, isn't that right?" Again his attorney unsuccessfully objected. Plaintiff was also asked whether he told his doctor how a 1965 knee injury occurred and whether it was caused by tripping over some cans. Although plaintiff had testified, without objection, that this injury occurred when he fell over some tar cans, his later objections to these questions were nonetheless erroneously overruled. When considered with the cross-examination relative to the 1958 injury, it is difficult to avoid the conclusion that plaintiff is both litigious and generally careless. When such improper cross-examination is allowed over objection, it results in the impairment of the right to a fair trial *(Engel v United Traction Co.,* 203 NY 321, 325; *Hartley v Szadkowski, supra)* and will require reversal of a jury verdict in the absence of proper cautionary instructions (cf. *Robinson v City of Albany,* 14 AD2d 626). There was no such curative instruction here. We have considered plaintiff's remaining contentions and find them to be without merit, as is defendant University of Rochester's argument that it is entitled to a dismissal as a matter of law. Its reliance upon *Iuliani v Great Neck Sewer Dist.* (38 NY2d 885) is misplaced. Although an owner is not responsible for negligent acts of subcontractors when he exercises no control or supervision of the work site, he is responsible for the safe condition of the commonly used portions of the premises *(Naso v Wates & Co.,* 21 AD2d 679, 680 affd 15 NY2d 667.) It may not be stated as a matter of law on this record that the University of Rochester had no duty to insure that the lighting conditions were properly maintained at the construction site. (Appeal from Judgment of Monroe Supreme Court —negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ JOHN W. MOLINARI et al., Appellants, v GENESEE PAINTING Co., INC. Respondents. (Appeal No. 2.)—Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Same memorandum as in *Molinari v Conforti & Eisele* (54 AD2d 1113). (Appeal from Judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ JOHN W. MOLINARI et al., Appellants, v VANDERLINDE ELECTRIC CORP., Respondent. (Appeal No. 3.)—Judgment unanimously reversed on the law and facts and a new trial granted with costs to abide the event. Same memorandum as in *Molinari v Conforti & Eisele* (54 AD2d 1113). (Appeal from Judgment of Monroe Supreme Court—negligence.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.

■ JOHN W. MOLINARI et al., Appellants, v UNIVERSITY OF ROCHESTER, Respondent. (Appeal No. 4.)—Judgment unanimously reversed on the law and facts and a new trial granted with costs to abide the event. Same memorandum as in *Molinari v Conforti & Eisele, Inc.* (54 AD2d 1113). (Appeal from Judgment of Monroe Supreme Court—negligence.) Present— Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.