■ ABRAHAM J. RODOLITZ, Doing Business as RODOLITZ REALTY COMPANY, Appellant, v BOSTON-OLD COLONY INSURANCE COMPANY, Respondent.— In an action to recover proceeds allegedly due under an automobile insurance policy, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered October 31, 1978, which is in his favor in the sum of $1,949.06, upon a directed verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. To establish the value of repairs made to his Mercedes Benz, plaintiff called the person in charge of preparing repair estimates at a local Mercedes Benz dealership. Although the witness had not actually observed plaintiff's vehicle, counsel intended to elicit estimates of the cost of the repairs by posing hypothetical questions detailing the repairs to which the other witnesses had testified. The trial court's ruling precluding this testimony, solely upon the ground that the witness had not actually observed the vehicle, was error. It is well settled that an expert's lack of direct knowledge concerning the subject matter of his testimony is no bar to his testimony; in such case the expert may base his opinion upon facts proven by, or reasonably inferrable from, the testimony of other witnesses (*Ley v State of New York,* 28 AD2d 943, affd 25 NY2d 876; *Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410). The lack of personal knowledge goes only to the weight of the testimony (*Whiton v Snyder,* 88 NY2d 299, 308). In our opinion, the testimony of plaintiff and his witness sufficiently detailed certain repairs to establish an adequate foundation upon which to pose hypothetical questions to the expert. The trial court erred in precluding the expert's testimony upon which the plaintiff had exclusively relied to prove his damages. Accordingly, we reverse. As this case must be retired, we take occasion to note at this time that the cross-examination which sought to establish plaintiff's litigious nature was highly improper (see *Palmeri v Manhattan Ry. Co.,* 133 NY 261; *Molinari v Conforti & Eisele,* 54 AD2d 1113) and that interest must be awarded on any recovery which plaintiff may obtain (see CPLR 5001). Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.