OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed with costs, and a new trial granted.
While a witness’s qualification to testify as an expert rests in the discretion of the trial court, and its determination will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion (Meiselman v Crown Hgts. Hosp., 285 NY 389, 398; Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414), here the trial court improperly denied plaintiff the opportunity to lay a foundation for qualification of his witness as an expert. In upholding the trial court’s dismissal of the case at the close of plaintiff’s evidence, the Appellate Division observed that plaintiff had “failed to show that the pumps with which [the proffered expert] was familiar were similar to the one on which plaintiff sustained his injury” (106 AD2d, p 570). But the trial court’s ultimate refusal to permit the witness to be asked — until first qualified as an expert in industry practices — whether the gas pumps with which he was familiar used glass faces, in effect denied plaintiff an opportunity to make the requisite showing.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.