■ AMELIA NATALE, as Administratrix of the Estate of SAMUEL NATALE, Deceased, Respondent-Appellant, v NIAGARA MOHAWK POWER CORPORATION, Defendant, and NEW YORK TELEPHONE COMPANY, Appellant-Respondent.—Kane, J. Cross appeals from a judgment of the Supreme Court (Dier, J.), entered October 22, 1986 in Schenectady County, upon a verdict in favor of plaintiff.

In this wrongful death action the following facts were elicited at trial. On June 25, 1981 while decedent, a 57-year-old truck driver, was driving his tractor trailer, it came into contact with an aerial cable owned by defendant New York Telephone Company (hereinafter NYT) strung across utility poles. As a result of this contact, one of the utility poles, along with other cable wires, fell onto the trailer portion of decedent's vehicle. One of the wires was, in fact, live carrying

2,500 volts of electricity. The pole that fell on the trailer was owned jointly by NYT and defendant Niagara Mohawk Power Corporation (hereinafter NIMO) and one of the cables falling on the trailer was also owned by NIMO. After approximately 15 to 20 minutes, decedent climbed out of his vehicle without apparent physical injury. Thereafter, on July 31, 1981, he died suddenly while at his home. Testimony at trial indicated that he died of a coronary thrombosis.

Plaintiff, decedent's widow, then commenced the instant suit against NYT and NIMO seeking damages for wrongful death, pain and suffering and loss of consortium. At the close of proof, both NYT and NIMO moved for dismissal for, *inter alia,* lack of proof of proximate cause. Supreme Court denied these motions. Thereafter, the jury found negligence on NYT's part only and that NYT's negligence was the cause of decedent's death. Plaintiff was awarded $2,000 for pain and suffering and $173,400 for wrongful death. Both NYT and plaintiff moved to set aside the verdict; their motions were denied. NYT appeals claiming that proximate cause was not proven. Plaintiff cross-appeals arguing that the damages awarded were inadequate.

We turn first to NYT's claim that plaintiff failed as a matter of law to demonstrate a causal relationship between its alleged negligence and decedent's death. In analyzing this claim, it should initially be emphasized that in a wrongful death action, such as here, a plaintiff is not held to as high a degree of proof as in a personal injury action *(Wingerter v State of New York,* 58 NY2d 848, 850). In determining whether a plaintiff has made out a prima facie case, the plaintiff is entitled to benefit from every favorable inference which can reasonably be drawn from the evidence *(Rivenburgh v Viking Boat Co.,* 55 NY2d 850, 852; *Monahan v Weichert,* 82 AD2d 102, 105).

With respect to the question of causation, a plaintiff has the burden of proving that the alleged negligence was a substantial factor in producing the injury *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520). However, in establishing his prima facie case, a plaintiff need not eliminate entirely all possibility that a defendant's conduct was the cause. "It is enough that he offer sufficient evidence from which reasonable men might conclude that it is more probable than not that the injury was caused by the defendant" *(Mertsaris v 73rd Corp.,* 105 AD2d 67, 83).

In the instant case, NYT focuses first on plaintiff's experts'

testimony that decedent died of a coronary thrombosis. Two experts testified on plaintiff's behalf; both were physicians and one of them specialized in cardiology. Their conclusions were based on the emergency room sheet, discussions with the doctor and nurses at the hospital, and a review of plaintiff's pretrial deposition. NYT makes much of the fact that plaintiff's experts never actually examined decedent after his death and that an autopsy was never performed. However, NYT's expert witness also never examined decedent and his conclusions were based on the same evidence that plaintiff's experts used. Furthermore, lack of personal knowledge goes only to the weight of evidence, not to its sufficiency *(Rodolitz v Boston-Old Colony Ins. Co.,* 74 AD2d 821; *see, Nicastro v Park,* 113 AD2d 129). Therefore, contrary to NYT's assertion, plaintiff's experts' testimony constituted evidence going to demonstrate that the cause of decedent's death was coronary thrombosis and that the weight to be accorded this evidence was properly left to the jury to decide *(see, Mortensen v Memorial Hosp.,* 105 AD2d 151).

Next, NYT argues that the evidence was insufficient to establish that the coronary thrombosis was caused by NYT's alleged negligence. It is true that opinion evidence must be based on facts in the record or personally known to the witnesses *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725; *Cassanno v Hagstrom,* 5 NY2d 643, 646). However, it is also acceptable for an expert, in forming a professional opinion, to base it on information coming from a witness subject to full cross-examination on the trial *(Hambsch v New York City Tr. Auth., supra,* at 726). Both of plaintiff's experts in this case based their opinions that the accident caused decedent's death on hypothetical questions posed to them. They were both firm in their conclusions and their opinions were based on facts developed through the record and testimony of other witnesses. For instance, there was testimony as to decedent's aggravated state after the accident, loss of appetite, erratic sleeping patterns, pale complexion, change in work pattern and his rubbing of his chest. Thus, these experts' conclusions constituted competent evidence of the causal relationship *(see, Rodolitz v Boston-Old Colony Ins. Co.,* 74 AD2d 821, *supra).*

To conclude, NYT has failed to show that the evidence presented by plaintiff was insufficient as a matter of law *(see, Nicastro v Park,* 113 AD2d 129, *supra).* Additionally, we also find that the jury's verdict was supported by the evidence in the record and was therefore not contrary to the weight of the evidence *(see, supra).* There was sufficient proof to support the

jury's verdict that the stress of the accident caused decedent's death *(see, Matter of Anthony M.,* 63 NY2d 270). Furthermore, both of plaintiff's experts testified with sufficient certainty and specificity to justify the finding of causation *(see, Matott v Ward,* 48 NY2d 455).

Turning to plaintiff's cross appeal, although the amount awarded for pecuniary damages was less than either of the amounts given by NYT's and plaintiff's economic experts, we do not find the amount awarded, $173,400, so inadequate as to shock the conscience of this court *(see, Wingate v Long Is. R. R.,* 95 AD2d 671, 672; *Franchell v Sims,* 73 AD2d 1, 6). Contrary to plaintiff's assertion, jurors should not be required to base an award of damages on the exact testimony of any one expert. We reach the same conclusion with respect to the $2,000 award for pain and suffering. The circumstances indicate that decedent died suddenly and not as the result of any prolonged or severe suffering due to the accident.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.