■ FRANK DeSISTO, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered February 4, 1988, which, upon a jury verdict finding the defendants 60% at fault in the happening of the accident and finding that the plaintiff sustained damages amounting to $600,000, is in favor of the plaintiff and against them in the principal sum of $360,000, and the plaintiff cross-appeals from so much of the judgment as limited his award to 60% of the verdict as to damages.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $350,000, to reduce the damages payable by the defendants to $210,000 which represents their proportionate share of the damages, and to the

entry of an amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

There is no merit to the plaintiff's contention that defendants' accident reconstruction expert based his opinion on facts dehors the record. As the expert repeatedly explained, his reconstruction was founded upon an examination of photographs of the damage to the plaintiff's vehicle, as well as on reports of the damage suffered by the defendants' bus. In addition, several employees of the defendant New York City Transit Authority testified as to the condition of the bus following the accident, and all were available for cross-examination. The defendants' expert's opinion was therefore " 'based on facts in the record' " as well as upon information coming " 'from a witness subject to full cross-examination' " *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725, 726; *Natale v Niagara Mohawk Power Corp.,* 135 AD2d 955).

We agree with the defendants' contention that the verdict as to damages was excessive. The plaintiff's injuries consist of three herniated discs. At the time of the trial he had been hospitalized on two occasions for a total of 14 days, and was suffering from continuing cervical and lumbar pain, with some radiation into the extremities resulting in considerable restrictions of his customary activities. Although surgery was predicted for some time in the indefinite future, none had as yet been performed, and at the time of the trial medical special damages, of which the plaintiff presented no proof at trial, would appear to have been minimal. In addition, since the plaintiff was retired at the time of his accident, there was no claim for lost earnings.

We therefore conclude that the verdict was excessive to the extent indicated *(see, e.g., Senko v Fonda,* 53 AD2d 638). Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.