■ YVONNE TUITT, Respondent, v OTIS ELEVATOR COMPANY, Appellant and Third-Party Plaintiff-Appellant. COLUMBIA PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Third-Party Defendant-Respondent.—Judgment, Supreme Court, Bronx County (Philip Modesto, J.), entered June 29, 1990, which *inter alia,* after jury trial reduced the jury's verdict in favor of plaintiff for future lost earnings to $275,000, unanimously modified, on the law and the facts, and the matter remanded for a new trial on the issue of damages relating to past and future pain and suffering only, and otherwise affirmed, without costs and without disbursements unless, within twenty days after the entry of this order plaintiff shall stipulate to the entry of an amended judgment reducing plaintiff's award for past pain and suffering from $125,000 to $50,000, and reducing her award for future pain and suffering from $250,000 to $150,000, in which event the judgment as amended, is affirmed without costs.

In this personal injury action, plaintiff alleges that she injured her back while attempting to wheel a patient's hospital bed into an elevator which had misleveled at Columbia Presbyterian Hospital's Harkness Pavilion. At the time of the incident, the plaintiff was 33 years old and had been employed by Columbia Presbyterian Hospital as a nurse's aid for 9 years. She was trained to transport patients in cardiac distress to the intensive care unit, and was instructed in the proper technique for lifting heavy objects. It was established at trial that the plaintiff had injured her back in 1975, and again in 1976, and had received medical treatment on both occasions. The plaintiff was also involved in an automobile accident in 1979, which resulted in lower back pain.

The trial court properly calculated the amount of the award for future lost earnings, based on the jury's determination that the plaintiff's future work life expectancy was 25 years, and the parties' stipulation that her expected earnings would be $11,000 per year. However, we find that given the plaintiff's injuries as established at trial and her prior medical history, the awards for past and future pain and suffering were excessive, as indicated. *(DeSisto v New York City Tr. Auth.,* 151 AD2d 639.) Concur—Murphy, P. J., Carro, Wallach, Asch and Rubin, JJ.