■ FRANCESCO BRUGNANO et al., Appellants, v MERRILL LYNCH & Co., INC., et al., Respondents. OLYMPIA & YORK TOWER B COMPANY et al., Third-Party Plaintiffs-Respondents, v FOREST ELECTRIC CORP., Third-Party Defendant-Respondent. JWP FOREST ELECTRIC CORP., Fourth-Party Plaintiff-Respondent, v O & Y WFC TOWER A COMPANY et al., Fourth-Party Defendants-Respondents. [627 NYS2d 635] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 7, 1994, which granted both a motion and cross-motion to dismiss the complaint and the related additional-party pleadings and denied plaintiffs' motion for leave to amend their bill of particulars, unanimously affirmed, without costs.

Since plaintiff employee was employed to clear away the very debris that posed a hazard in the work place, the IAS Court properly dismissed the complaint (*Kowalsky v Conreco Co.*, 264 NY 125). Defendants could not have provided plaintiff with a work place that was safe from the defect that his employer was engaged to eliminate (*Senkbeil v Board of Educ.*, 23 AD2d 587, 589, *affd* 18 NY2d 789). The denial of amendment of a bill of particulars was justified by the age of the case, the timing of the motion to amend and the lack of special circumstances justifying the amendment (*Spielberger v Giambalvo*, 207 AD2d 877). As the proposed new pleadings invoke two Industrial Code sections by number but fail to include factual support for such invocation, "plaintiffs failed to * * * allege facts in their pleadings to establish a violation of [the applicable] regulation[s]" (*Lawyer v Rotterdam Ventures*, 204 AD2d 878, 880, *lv dismissed* 84 NY2d 864). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.